CHILDRESS PAINTING AND
ASSOCIATES, INC., Ap-
pellant–Respondent,

v.

JOHN Q. HAMMONS HOTELS TWO,
L.P., et al., Defendants,

and

KCC Contractor, Inc., Respondent–
Appellant.

Nos. WD 61062, WD 61069.

Missouri Court of Appeals,
Western District.

June 10, 2003.

Gary M. Steinman, Gladstone, MO, for Appellant–Respondent.

Richard E. Walters, Springfield, MO, Timothy G. Swensen, Kansas City, MO, for Respondent–Appellant.

Before: NEWTON, P.J., and ULRICH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Childress Painting and Associates, Inc. (Childress), appeals from the summary judgment of the Circuit Court of Platte County for the respondent, KCC Contractor, Inc. (KCC), on Childress' claim for payment of $20,948.75, which it claims was due it for subcontracting work done for KCC, the general contractor, on a hotel construction project in Platte County, Missouri. KCC had contracted with John Q. Hammons Hotels Two, L.P., to construct a Homewood Suites hotel. KCC cross-appeals from the trial court's denial of its request for attorney's fees.

Of the $20,948.75 Childress claims is owed it by KCC on the project, $8,670 is claimed for work done under the original subcontract, executed on June 14, 1996, for

$176,500, while $12,278.75 is for additional work done on a time and materials basis. In Counts II and III of its three-count first amended petition, filed on May 10, 1999, Childress alleged alternative theories of recovery, Count II for unjust enrichment and Count III for breach of contract. In Count I, Childress sought enforcement of a mechanic's lien, filed on December 17, 1997, for $20,948.75. In addition to payment of the $20,948.75, Childress sought in its lawsuit its attorney's fees and costs.

In answering Childress' amended petition, KCC filed what amounted to a general denial. However, in what it denominated as a "counterclaim" for indemnification, but what would appear more accurately to be an affirmative defense to Childress' claim, KCC essentially admitted that it owed the $8,670 under the parties' subcontract. As to Childress' claim for $12,278.75 for additional work on the project, KCC sought to be "indemnified" by Childress, under SECTION 3 of the subcontract, for "damages in an amount equal to the sum of any additional monies which [it might] be obligated to pay [Childress]," over and above the final billing amount of $8,670 that Childress verified to KCC was due it. SECTION 3 reads, in pertinent part:

Within thirty (30) days after the Subcontractor's last work hereunder, or within thirty (30) days after receipt from the Contractor of a request for a final bill hereunder, the Subcontractor shall send to the Contractor its final bill for all labor and material. Failure to send a final bill within the said thirty (30) days shall be a complete defense to any action of the Subcontractor to collect any such unbilled amount from the Contractor or the Owner. In consideration of the award of this subcontract agreement, the Subcontractor further agrees to indemnify, defend, and hold harmless the Contractor from any losses to the Contractor which arise from any failure on the part of the Subcontractor to comply with the above stated provisions.

KCC also sought payment of attorney's fees, expenses and costs "necessarily incurred by [it] in defense of [Childress'] action, prosecution of [its] counterclaim and in providing for and arranging the defense of John Q. Hammons Hotels Two, L.P."

On May 17, 2000, KCC filed a motion for summary judgment on Childress' claim alleging that in accordance with SECTION 3 of the parties' subcontract, Childress, in response to KCC's written request for a final bill, had verified on July 31, 1997, that it was owed $8,670 by KCC, entitling KCC to judgment as a matter of law, indemnifying it for any amount Childress was found to be due from KCC over and above the $8,670. No motion was filed as to KCC's "counterclaim." On August 21, 2000, the trial court entered a judgment which, although not included in the record on appeal, is described in the trial court's docket sheet, which is a part of the record, as a summary judgment awarding KCC $15,278 from Childress and interest at 9% from the date of judgment.

On February 2, 2002, the trial court entered an "amended judgment" granting KCC's motion for summary judgment as to "Counts 1 and 3 of Plaintiff's Amended Petition." In granting the motion, the trial court: (1) entered judgment for Childress in the amount of $8,760; (2) awarded no attorney's fees to either party; (3) ordered its prior judgment of August 21, 2000, set aside; and (4) designated its amended judgment for early appeal, pursuant to Rule 74.01(b).[1] Inasmuch as KCC

---

**1.** All rule references are to Missouri Rules of Civil Procedure, 2003, unless otherwise indi-

never filed a motion for summary judgment on its counterclaim, the trial court's summary judgment ruling only addressed KCC's motion with respect to Childress' claim. However, given the trial court's ruling on KCC's motion for summary judgment, the counterclaim was rendered moot in that the court's summary judgment effectively disposed of all the issues raised in KCC's indemnification "counterclaim."

We dismiss for lack of jurisdiction.

## Appellate Jurisdiction

■ Childress raises two points on appeal, and KCC raises one point on cross-appeal. However, before addressing those claims on the merits, as in every case, we must first address our jurisdiction, *sua sponte. Lumbermens Mut. Cas. v. Thornton*, 36 S.W.3d 398, 401 (Mo.App.2000). For the reasons discussed, *infra*, we find that the summary judgment record was not sufficient to dispose of Childress' claim on all theories pled such that the trial court's summary judgment for KCC on Childress' claim was a partial summary judgment, which is not subject to review as a final judgment.

■ To be entitled to summary judgment under Rule 74.04, the movant must show that: (1) there is no genuine dispute as to the material facts on which the movant is relying for summary judgment; and (2) based on those undisputed facts, the movant is entitled to judgment as a matter of law. Rule 74.04; *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. *banc* 1993). If the movant is a defending party, as in our case, a *prima facie* case for summary judgment can be established by employing one or more of three means: (1) showing undisputed facts that negate any one of the plaintiff's required proof elements; (2)

showing that the plaintiff, after an adequate period of discovery, has not produced and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of one or more of the plaintiff's proof elements; or (3) showing that there is no genuine dispute as to the existence of the facts necessary to prove the movant's properly pleaded affirmative defense. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. "Regardless of which of these three means is employed by the 'defending party,' each establishes a right to judgment as a matter of law." *Id.*

■ To be entitled to full summary judgment, a defending party, such as KCC, employing one of the three means for obtaining summary judgment, must allege undisputed facts demonstrating that the plaintiff cannot recover on any theory pled. *Ashworth v. City of Moberly*, 53 S.W.3d 564, 571 (Mo.App.2001). A summary judgment for a defendant on less than all the theories pled by the plaintiff for recovery does not constitute a full summary judgment, but only a partial summary judgment, which is not a final judgment subject to our review. *Moreland v. Farren–Davis*, 995 S.W.2d 512, 516–17 (Mo.App.1999).

There is no dispute that KCC owed Childress $8,670 for work done pursuant to the original subcontract. The dispute is over the $12,278.75 sought by Childress in payment for alleged additional work on a time and materials basis. As to that amount, it is also undisputed that Childress sought recovery on two separate and distinct alternative theories: Count II, unjust enrichment; and Count III, breach of contract. Thus, to have been entitled to full summary judgment on Childress' claim for payment of the $12,278.75, KCC had to demonstrate with undisputed facts that it

cated.

was entitled to summary judgment not only as to Count III of Childress' petition for breach of contract, but also as to Count II for unjust enrichment.

As to Childress' alternative theories of recovery of the $12,278.75, the trial court expressly granted summary judgment on Count III for breach of contract, but not on Count II for unjust enrichment. In that regard, Childress acknowledges at page 11 of its brief that the trial court's summary judgment for KCC did not dispose of its claim for unjust enrichment, which it asserts "is still pending." Based on these facts, it would appear that the trial court did not grant full summary judgment to KCC on Childress' claim, but only partial summary judgment on the breach of contract theory of recovery, which would not be a final judgment subject to our review. *Id.* Despite this fact, however, we still must affirm the trial court's summary judgment for KCC on Childress' claim if we find that the summary judgment record would have supported summary judgment for KCC as to Childress' claim under a theory of unjust enrichment, as well as under a theory of breach of contract. *See In re Estate of Blodgett,* 95 S.W.3d 79, 81 (Mo. *banc* 2003) (holding that, if a summary judgment can be sustained under any theory supported by the summary judgment record, an appellate court must do so even if the trial court reached the correct result for the wrong reasons).

■ In reviewing KCC's motion for summary judgment, we find that without being theory specific, KCC claimed that, as a matter of law, it was entitled to judgment on Childress' claim because Childress, pursuant to SECTION 3 of the subcontract, had agreed to indemnify KCC for any amounts due Childress from KCC over and above the agreed amount due of $8,670. Given the nature of an unjust enrichment claim, we fail to see how this fact would work to defeat Childress' claim based on that theory of recovery.

■ It is well settled in the law that "[u]njust enrichment occurs where a benefit [is] conferred upon a person in circumstances in which retention by him of that benefit without paying its reasonable value would be unjust." *Zipper v. Health Midwest,* 978 S.W.2d 398, 412 (Mo.App.1998) (citations omitted). There are three proof elements of an unjust enrichment claim: (1) a benefit conferred on a plaintiff by a defendant; (2) the defendant's appreciation of the fact of the benefit; and (3) the defendant's acceptance and retention of the benefit in circumstances that would render that retention inequitable. *Id.* Unjust enrichment is a theory of recovery under the doctrine of quasi-contract, also known as a contract implied in law, *id.,* and contractual provisions do not constitute a defense to such a claim, *Housing Auth. of City of Clinton v. Baumann,* 512 S.W.2d 436, 438–39 (Mo.App.1974). Thus, even assuming that the indemnification provision of SECTION 3 was triggered and would effectively defeat Childress' claim for recovery on a breach of contract theory, we fail to see how that fact, based on the summary judgment record before us, could be used to defeat Childress' claim on a theory of unjust enrichment, employing one or more of the three means available to a defending party for obtaining summary judgment.

■ The fact that the trial court certified its summary judgment on Counts I and III for early appeal under Rule 74.01(b) does not change the jurisdictional status of this case. Rule 74.01(b) is not a "procedural magic wand" that can be waved to create a final judgment where none legally can exist. *Pen–Yan Inv., Inc. v. Boyd Kansas City, Inc.,* 952 S.W.2d 299, 308 (Mo.App.1997). To be certified under

the rule for early appeal, one complete claim as to one party must be resolved. *Moreland*, 995 S.W.2d at 516. That did not happen here in that as discussed, *supra*, the summary judgment record before us does not support summary judgment for KCC on Childress' claim on each and every theory of recovery pled by Childress. Thus, it is not a full summary judgment constituting a final judgment subject to our review. *Id.* at 517–18.

## Conclusion

For the reasons stated, the appeal of Childress Painting and Associates, Inc., and the cross-appeal of KCC Contractor, Inc., are dismissed for lack of appellate jurisdiction.

NEWTON, P.J., and ULRICH, J., concur.