**Cindy FIRESTONE, Appellant,**

v.

**Anthony VANHOLT, Diane VanHolt, and Susan VanHolt, Defendants,**

**Matthew VanHolt and Jim Akers, Respondents.**

No. WD 64523.

Missouri Court of Appeals, Western District.

Dec. 20, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 2006.

Application for Transfer Denied April 11, 2006.

Jeffery T. Adams, Clinton, MO, for Appellant.

James C. Johns, Clinton, MO, for Respondent VanHolt.

Michael X. Edgett and Audara L. Charlton, Clinton, MO, for Respondent Akers.

Before EDWIN H. SMITH, C.J., and LOWENSTEIN and ULRICH, JJ.

EDWIN H. SMITH, Chief Judge.

Cindy Firestone appeals the summary judgments of the Circuit Court of Henry County for respondents, Matthew VanHolt (M. VanHolt)[1] and Jim Akers (Akers),[2] on the appellant's first amended wrongful death petition filed against them, seeking to hold them vicariously liable in damages for the death of her husband, Paul Firestone (P. Firestone). He died from injuries he sustained when the motor vehicle he was driving was struck from behind by a motor vehicle being driven by Anthony VanHolt (A. VanHolt), M. VanHolt's brother. At the time of the accident, A. VanHolt, who owned Tony's Roofing, was traveling to a roofing job at the Greyhound Apartments in Windsor, Missouri. The job was secured by Akers, d.b.a. Akers Home Improvement, pursuant to a competitive bid. The appellant alleged in Count III of her first amended petition that M. VanHolt was vicariously liable for the wrongful death damages caused by Anthony's negligence based upon a joint venture or partnership theory with respect to the Greyhound Apartments roofing job. She alleged in Count IV that Akers was vicariously liable for her alleged wrongful death damages based upon a joint venture or agency theory with respect to the roofing job. M. VanHolt and Akers filed separate motions for summary judgment. In their motions, they alleged that they were entitled to summary judgment on the appellant's claims against them because the undisputed facts alleged in their motions negated one or more of the essential proof elements of the appellant's claim against them on any theory pled.

The appellant raises two points on appeal. In Point I, she claims that the trial court erred in granting Akers' motion for summary judgment on Count IV of her amended petition, as to both theories of her claim, joint venture and agency, on the basis that the undisputed facts alleged by Akers in his motion: (1) negated the essential proof element of the appellant's claim, pled on a joint venture theory, that Akers had an equal right of control with respect to the shingling job; and (2) negated the essential proof element of her claim, pled on an agency theory, that Akers had the right to control the shingling job, because the summary judgment record supports inferences other than the inferences on which Akers relied for summary judgment, as to both theories of the appellant's claim pled. In Point II, she claims that the trial court erred in granting M. VanHolt's motion for summary judgment on Count III of her amended petition, as to both theories of her claim, joint venture and partnership, on the basis that the undisputed facts alleged in M. VanHolt's mo-

---

1. Summary judgment was entered against both VanHolt and his wife, Susan VanHolt. However, the appellant does not appeal the summary judgment for Susan VanHolt.

2. The summary judgments for the respondents were certified for early appeal by the trial court, pursuant to Rule 74.01(b), Missouri Rules of Civil Procedure, 2005.

tion negated each of the essential proof elements of the appellant's claim, pled on a joint venture or partnership theory, because there is a genuine dispute as to the material facts on which M. VanHolt relied to negate the proof elements of the appellant's claim, on either theory pled, entitling him to summary judgment.

We reverse and remand.

### Facts

On January 14, 2002, A. VanHolt was traveling, in his pickup truck, north on Missouri 13 Highway in St. Clair County, Missouri, to a roofing job at the Greyhound Apartments in Windsor, Missouri. A. VanHolt was doing business as Tony's Roofing. Traveling with him was Lynn Christensen, who had been hired by A. VanHolt to work on the roofing job. Christensen was riding in the front passenger seat and was repairing an air hose for A. VanHolt's nail gun. When Christensen returned the hose to the back seat, A. VanHolt turned to make sure that he did not place it on top of his bow and arrow. By the time he returned his attention to the road, it was too late to prevent his vehicle from colliding with the rear end of a vehicle being driven by the appellant's husband, Paul Firestone. As a result of the collision, Firestone suffered injuries resulting in his death on January 16, 2002.

The appellant filed a petition in St. Clair County for damages for the wrongful death of her husband. On September 27, 2002, after a change of venue, the appellant filed a first amended petition in the Circuit Court of Henry County. In Count I of her petition, she sought damages from A. VanHolt, alleging that his negligence caused the accident that caused her husband's death. In Count II, she sought damages from A. VanHolt's wife, Diane, alleging that she was a partner with her husband in Tony's Roofing and, therefore, was vicariously liable for his negligent acts in causing the death of the appellant's husband, because they were done in the ordinary course of business of Tony's Roofing. In Count III, she sought damages from M. VanHolt and his wife, Susan VanHolt, alleging that, as partners in the roofing business, they were vicariously liable for A. VanHolt's negligent acts in causing the death of the appellant's husband, because they were done in the ordinary course of business of either a joint venture or partnership entered into with A. VanHolt to complete the Greyhound Apartments roofing job. In Count IV, she sought damages from Akers, alleging that he was vicariously liable for A. VanHolt's negligent acts in causing the death of the appellant's husband, because they were done in the ordinary course of business of either a joint venture or an agency agreement with Akers to complete the Greyhound Apartments roofing job.

On May 7, 2003, Akers filed a motion for partial summary judgment. In the motion, he alleged uncontroverted facts which he claimed negated one or more of the proof elements of the appellant's claim pled against him, in Count IV, on either a joint venture or agency theory. On November 18, 2003, M. VanHolt and his wife filed a motion for summary judgment. In their motion, they alleged uncontroverted facts which they claimed negated one or more of the proof elements of the appellant's claim against them, in Count III, pled on either a joint venture or partnership theory.

On February 10, 2004, the trial court entered summary judgment in favor of Akers, M. VanHolt, and Susan VanHolt, which was amended on August 20, 2004. Both judgments were certified for early appeal, the court stating, "there is no just reason for delay pursuant to Rule 74.01(b)

and states such Judgment shall be final and subject to appeal."

This appeal follows.

## Summary Judgment Standard of Review

In reviewing the grant of a summary judgment, we review *de novo. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

> The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*Id.* (citations omitted). Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 380.

> When considering appeals from summary judgments, the [c]ourt will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* at 376 (citations omitted).

## I.

In Point I, the appellant claims that the trial court erred in granting Akers' motion for summary judgment on Count IV of her amended petition, as to both theories of her claim, joint venture and agency, on the basis that the undisputed facts alleged by Akers in his motion: (1) negated the essential proof element of the appellant's claim, pled on a joint venture theory, that Akers had an equal right to control the Greyhound Apartments roofing job; and (2) negated the essential proof element of her claim, pled on an agency theory, that Akers had the right to control the Greyhound Apartments roofing job, because the summary judgment record supports inferences other than the inferences on which Akers relied for summary judgment, as to both theories pled as to the appellant's claim. We agree.

Pursuant to Rule 74.04, to be entitled to summary judgment, the movant must show that: (1) there is no genuine dispute as to the material facts on which the movant is relying for summary judgment; and (2) based on those undisputed facts, the movant is entitled to judgment as a matter of law. Rule 74.04; *ITT Commercial Fin. Corp.,* at 380; *Childress Painting & Assocs., Inc. v. John Q. Hammons Hotels Two L.P.,* 106 S.W.3d 558, 561 (Mo.App. 2003).

> If the movant is a defending party, . . . a *prima facie* case for summary judgment can be established by employing one or more of three means: (1) showing undisputed facts that negate any one of the plaintiff's required proof elements; (2) showing that the plaintiff, after an adequate period of discovery, has not produced and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of one or more of the plaintiff's proof elements; or (3) showing that there is no genuine dispute as to the existence of the facts necessary to prove the movant's properly pleaded affirmative defense. Regardless of which of these three means is employed

by the defending party, each establishes a right to judgment as a matter of law. *Childress Painting*, 106 S.W.3d at 561 (citations omitted). A defending party is not entitled to full summary judgment, unless he alleges undisputed facts "demonstrating that the plaintiff cannot recover on any theory pled." *Id.*

■■■■ Although the appellant, in her Point Relied On in this point, claims error with respect to summary judgment for Akers, on Count IV, as to both theories of her claim, joint venture and agency, she fails to make any argument in the argument of her point as to why it was error to grant Akers summary judgment on her claim, pled on a theory of agency. While there is no requirement that the argument section of an appellate brief be perfect, it must adequately present and address the issues to be decided. *State v. Hendricks*, 944 S.W.2d 208, 210 (Mo. *banc* 1997). Hence, the appellant must develop, in the argument section of the brief, error raised in the point relied on. *Eagle ex rel. Estate of Eagle v. Redmond*, 80 S.W.3d 920, 923–24 (Mo.App.2002). "An argument is not properly before an appellate court if it merely makes bald assertions of general principles of law and never develops how such principles mandate reversal in the factual context of the particular case." *Id.* at 924. It is not within the appellate court's province to speculate about and then decide arguments that are not asserted or that are merely asserted, but not developed. *Id.* A submission of error, being without reasoned argument does not require, or even allow, a decision. *Id.* "Thus, errors raised in the points relied on, which are not supported by argument, are deemed abandoned and present nothing for appellate review." *Id.*

Because the appellant failed to develop any argument in Point I as to why summary judgment for Akers on Count IV, on an agency theory of her claim against him, was improper, her claim of error in that respect in Point I is deemed abandoned. *Id.* As such, we will only address her claim in Point I that the trial court erred in granting summary judgment to Akers on Count IV, with respect to her claim pled on a joint venture theory.

■■■■ A joint venture is a species of partnership. *Johnson v. Pac. Intermountain Express Co.*, 662 S.W.2d 237, 241 (Mo. *banc* 1983). The distinction between a joint venture and a conventional partnership is that the former exists for a particular, defined purpose. *Id.* Although a joint venture is a consensual arrangement, no particular formalities are necessary. *Id.* There is a mutual agency among the venturers for activities within the scope of the venture, and all have equal right of control. *Id.* Joint venturers are jointly and severally liable for torts committed within the scope of the joint venture. *Id.* at 241–42.

To succeed on her claim against Akers, on Count IV of her amended wrongful death petition, that he was vicariously liable for the wrongful death damages caused by A. VanHolt's negligence in killing her husband, Paul, based on a joint venture theory, the appellant has to show, *inter alia*, that Akers and A. VanHolt had: (1) an express or implied agreement; (2) a common purpose in carrying out the Greyhound Apartments job; (3) a community of pecuniary interest in that common purpose; and, (4) an equal voice, giving an equal right of control in the direction of the enterprise. *Inauen Packaging Equip. Corp. v. Integrated Indus. Servs.*, 970 S.W.2d 360, 371 (Mo.App.1998). Employing the first means available to a defending party for summary judgment, Akers alleged in his motion material facts, which he contended were undisputed and negated the essential proof element of the ap-

pellant's joint venture claim, that he and A. VanHolt had an equal right of control over the Greyhound Apartments job, to which he was en route at the time of the accident that killed the appellant's husband. The appellant contends that the facts on which Akers relied for summary judgment on her claim against him on a joint venture theory, were in genuine dispute, such that it was error for the trial court to grant Akers summary judgment on that theory of her claim against him.

As noted, *supra*, to make a *prima facie* case for summary judgment, pursuant to Rule 74.04, the movant must allege material facts, which if true, would entitle him to judgment as a matter of law. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 380. Thus, once a *prima facie* case is made, the only way the non-movant can defeat summary judgment is to place in genuine dispute one or more of the material facts on which the movant relies for summary judgment. *Id.* at 381. "A 'genuine issue' is a dispute that is real, not merely argumentative, imaginary or frivolous." *Id.* at 382. A general denial, by the non-movant in his response, is not sufficient to place a material fact in genuine dispute sufficient to rebut a *prima facie* case for summary judgment. *Id.* To place a fact in genuine dispute, for purposes of summary judgment, the non-movant, in denying the fact, must make "specific references to the discovery, exhibits or affidavits that demonstrate the specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2).

A genuine issue exists where the record contains competent evidence of "two plausible, but contradictory, accounts of the essential facts." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 382. "If movant requires an inference to establish his right to judgment as a matter of law, and the [summary judgment record] reasonably

supports any inference other than (or in addition to) the movant's inference, a genuine dispute exists," and thus, the movant is not entitled to summary judgment. *Id.*

The facts, on which Akers relied for summary judgment on the appellant's claim against him, on a joint venture theory, to negate the essential element of the appellant's claim that he and A. VanHolt had an equal right of control over the Greyhound Apartments job, are as follows: (1) A. VanHolt had his own roofing business known as Tony's Roofing; (2) the only instruction Akers gave A. VanHolt was which building he wanted done first; (3) Akers did no work on the job site with A. VanHolt; (4) A. VanHolt made the decision as to what time work would start in the morning and what time it would stop; (5) Akers did not restrict how many employees A. VanHolt hired to do the job; (6) A. VanHolt had control over when he would start or finish the job and over what days and hours he worked; (7) A. VanHolt made the decisions as to how to install the shingles; (8) A. VanHolt decided when he would take breaks, how long the breaks would be, and whether and how long they would stop for lunch; (9) A. VanHolt would decide if the roof was safe to walk on considering moisture, frost or ice; (10) A. VanHolt made the decisions about how he drove on his way to and from the job site; (11) Akers had no control over A. VanHolt with respect to how he operated his vehicle in relation to the job; and (12) Akers did not supervise A. VanHolt at the job site when he was there. Akers contends, and we would agree, that it can be inferred reasonably from these facts that he did not have an equal right of control with A. VanHolt with respect to the Greyhound Apartments roofing job, such that he made a *prima facie* case for summary judgment as to the appellant's claim against him, pled on a joint venture theo-

ry, by negating an essential proof element of that claim.

The appellant contends that a genuine dispute of material fact exists as to whether Akers negated the control element of her claim, pled on a theory of joint venture. In that regard, she does not directly dispute the facts alleged by Akers. Rather, she essentially contends that based on the additional facts she pled in her response, as provided by Rule 74.04(c)(2), a reasonable inference could be drawn that Akers and A. VanHolt had an equal voice in the Greyhound Apartments job. In so contending, she alleged, as additional facts, that: (1) A. VanHolt was not covered under Akers' city permit to allow him to perform work on the Greyhound Apartments job; (2) the job required the successful bidder to have or to be able to obtain a license to work in the City of Windsor, Missouri; (3) Akers called the lumberyard to have the shingles delivered to the job site; (4) Jeremiah Christensen, an employee of Akers, was at the job site helping load shingles on the roof; (5) A. VanHolt did not obtain the required city license to work in the City of Windsor, Missouri; (6) Akers told A. VanHolt which building he wanted completed first; (7) the Greyhound Apartments job required the successful bidder to have a current $300,000 minimum general liability policy, which Akers had, but A. VanHolt did not; and (8) the Greyhound Apartments job required the successful bidder to have three personal or business references, which Akers provided, but A. VanHolt did not. In compliance with Rule 74.04(c)(2), the appellant's additional facts were supported by specific references to the depositions of A. and M. VanHolt.

As required by Rule 74.04(c)(2), Akers admitted all the appellant's additional facts, except the fact that Akers called the lumberyard to have the shingles delivered to the job site. However, whether admitted or denied, once the appellant complied with the rule with respect to specific references to the record in support of her additional facts, it mattered not in that even if denied by the movant Akers, the appellant, as the non-movant without the burden of proof as to the motion, is entitled to rely on disputed facts to defeat a motion for summary judgment. This would logically be true in the case of the movant's facts or the non-movant's additional facts.

From the appellant's additional facts and the facts alleged by Akers not in dispute, it is reasonable to infer that A. VanHolt could not work independently of Akers with respect to the Greyhound Apartments job—that both he and Akers exercised some degree of control over various aspects of the job, indicative of the requisite control necessary to find a joint venture. Thus, even if the record would support the inference relied upon by Akers for summary judgment, that there was not the control required for a claim based on a joint venture theory, it would also support the contrary inference. And, because the summary judgment record would support competing inferences, with respect to the negation of the control proof element of the appellant's claim, pled on a theory of joint venture, the basis on which summary judgment for Akers was granted, there is a genuine dispute of material fact, requiring us to reverse the summary judgment for Akers on the appellant's claim in Count IV of her amended wrongful death petition, pled on a joint venture theory. And, because there is no longer a full summary judgment for Akers on which to base a final judgment, in that he, as a defending party/movant, has to defeat the appellant's claim on all theories pled to be entitled to full summary judgment, we must reverse and remand for further proceedings. *Childress Painting*, 106 S.W.3d at 561–62.

## II.

In Point II, the appellant claims that the trial court erred in granting M. VanHolt's motion for summary judgment on Count III of her amended wrongful death petition, as to both theories of her claim, joint venture and partnership, on the basis that the undisputed facts alleged in M. VanHolt's motion negated each of the essential proof elements of the appellant's claim, pled on either theory, because there is a genuine dispute as to the material facts on which M. VanHolt relied to negate the proof elements of the appellant's claim, on either theory pled, entitling him to summary judgment. We agree with respect to the appellant's claim against M. VanHolt, based on a partnership theory.

■ Although the appellant, in her Point Relied On in this point, claims error with respect to summary judgment for M. VanHolt, on Count III of her amended petition as to both theories of her claim, joint venture and partnership, she fails to make any argument in the argument of Point II as to why it was error to grant M. VanHolt summary judgment on her claim pled on a theory of joint venture. Because the appellant failed to develop any argument in Point II as to why summary judgment for M. VanHolt on Count III, on a joint venture theory of her claim against him, was improper, her claim of error in that respect in Point II is deemed abandoned. *Eagle*, 80 S.W.3d at 924. As such, we will address only her claim in Point II, that the trial court erred in granting summary judgment to M. VanHolt on Count III of her amended petition with respect to her claim based on a partnership theory.

To succeed on her claim against M. VanHolt on Count III of her amended petition, alleging that he was vicariously liable for the wrongful death damages caused by A. VanHolt's negligence in killing her husband, based on a partnership theory, the appellant had to show, *inter alia*, that M. VanHolt and his brother, A. VanHolt: (1) made an agreement, either express or implied, to "place their money, effects, labor and skill, or some or all of them, in lawful commerce or business" (associating to do business); (2) agreed to divide the profits of that commerce or business (dividing profits); and, (3) agreed to bear the loss of that commerce or business in a specified proportion (sharing losses). *Morrison v. Labor & Indus. Relations Comm'n*, 23 S.W.3d 902, 908 (Mo.App.2000). Employing the first means available to a defending party for summary judgment, M. VanHolt alleged in his motion material facts, which he contended were undisputed and negated each of these essential proof elements of the appellant's partnership claim.

The appellant contends that the facts on which M. VanHolt relied for summary judgment on her claim against him on a partnership theory, were in genuine dispute such that it was error for the trial court to grant him summary judgment on that theory of her claim against him. In that regard, she does not directly dispute the facts relied upon by M. VanHolt for summary judgment. Rather, she essentially contends that based on the additional facts she pled in her response, as provided by Rule 74.04(c)(2), a reasonable inference could be drawn that the VanHolt brothers were acting as partners with respect to the Greyhound Apartments roofing job. For clarity's sake, we will discuss each of the three proof elements of the appellant's partnership claim in that M. VanHolt would be entitled to summary judgment on that claim if he negated one or more of those elements. *Childress Painting*, 106 S.W.3d at 561.

### A. Associating To Do Business

In order to negate this proof element, M. VanHolt alleged in his motion that: (1)

A. VanHolt had his own separate roofing business known as Tony's Roofing; (2) M. VanHolt had his own separate roofing business known as VanHolt Roofing, which had been in existence for eighteen years; (3) M. VanHolt first became aware of the Greyhound Apartments job in 2002 when A. VanHolt called him and asked him to help lay shingles on the job. There was no discussion at that time about what M. VanHolt's role in the project would be and there was no discussion about what his compensation would be; and (4) the relationship between the VanHolt brothers, with respect to the job, was solely that of one brother helping another. Even assuming, *arguendo*, that these facts and all reasonable inferences therefrom negate the first partnership proof element, the appellant contends that a genuine dispute existed as to those facts, such that M. VanHolt was still not entitled to summary judgment on that basis.

■ In support of her contention that there exists a genuine dispute of material fact as to M. VanHolt's negation of the proof element, that the VanHolts had agreed to "place their money, effects, labor and skill, or some or all of them, in lawful commerce or business," the appellant alleged in her response additional facts, referencing the depositions of the VanHolt brothers, that: (1) the percentage of money paid to M. VanHolt by A. VanHolt for the Greyhound Apartments job was based upon their prior relationship that they would split earnings; (2) M. VanHolt was not paid by the number of shingle squares he installed or by the number of hours he worked; and, (3) M. VanHolt had an ongoing agreement with A. VanHolt that each would be paid "fairly" for the work performed on a bid secured by the other.

From the appellant's additional facts in her reply, it is reasonable to infer that the VanHolt brothers had agreed to "place their money, effects, labor and skill, or some or all of them, in lawful commerce or business" for the purpose of doing business as a roofing partnership, including completing the Greyhound Apartments job. Thus, even if the record would support the inference relied upon by M. VanHolt for summary judgment with respect to the partnership proof element in question, it would also support the contrary inference favored by the appellant. And, because the summary judgment record would support competing inferences, with respect to that proof element, we find that there is a genuine dispute of material fact with respect thereto such that summary judgment on that basis was error.

## B. Dividing Profits

In order to negate this proof element of the appellant's partnership claim, M. VanHolt alleged in his motion that: (1) he had no right to demand any particular percentage of the proceeds of the Greyhound Apartments job from A. VanHolt and A. VanHolt had no obligation to pay him any percentage of the income from the job; (2) despite A. VanHolt's deposition testimony that it was his intention to give M. VanHolt one-half the proceeds from the job, he had not made an agreement with him to give him that or any other percentage of the proceeds; and (3) he was paid $1,000 for his work on this job and that did not represent one-half or any other percentage of the job proceeds. Even assuming, *arguendo*, that these facts would negate the proof element in question, the appellant contends that they were in dispute sufficient to defeat M. VanHolt's motion for summary judgment on that basis.

■ In support of her contention that there exists a genuine dispute of material fact as to the dividing-of-profits proof element of her partnership claim, the appellant alleged in her response additional

facts, referencing the depositions of the VanHolt brothers, that: (1) A. VanHolt did not pay M. VanHolt by the number of squares installed or the number of hours worked; (2) A. VanHolt intended to pay M. VanHolt a percentage of the money earned from the Greyhound Apartments job; (3) the percentage paid to M. Van-Holt was based upon his prior relationship with A. VanHolt, that they would split earnings from their roofing jobs; (4) M. VanHolt would not be paid until A. Van-Holt was paid; (5) the agreement between the brothers was that M. VanHolt would get paid one-half of the amount paid to A. VanHolt; and (6) the agreement was that M. VanHolt would get paid one-half of the proceeds regardless of how much work he performed. From these additional facts, it is reasonable to infer that the VanHolt brothers had a prior agreement to share the profits of their roofing jobs performed by their companies, including the Grey-hound Apartments job. Thus, even if the record would support the inference relied upon by M. VanHolt for summary judg-ment with respect to the partnership proof element in question, it would also support the contrary inference favored by the appellant. And, because the summary judgment record would support competing inferences, with respect to that proof ele-ment, we find that there is genuine dis-pute of material fact with respect thereto such that summary judgment on that ba-sis was error.

### C. Sharing Losses

In order to negate this proof element of the appellant's partnership claim, M. Van-Holt alleged in his motion that if A. Van-Holt lost money on the Greyhound Apart-ments job, he had no right to ask M. VanHolt to contribute to the loss. Even assuming, *arguendo*, that this fact, if true, would negate the proof element in ques-tion, the appellant contends that it was in

dispute sufficient to defeat M. VanHolt's motion for summary judgment on that ba-sis.

█ In support of her contention that there exists a genuine dispute of material fact as to the sharing-of-losses proof ele-ment of her partnership claim, the appel-lant alleged in her response the additional fact, referencing the deposition of A. Van-Holt, that if A. VanHolt had not been paid for the Greyhound Apartments job, then M. VanHolt would not have been paid. From this additional fact, it is reasonable to infer that the VanHolt brothers had a prior agreement to share the losses of their joint roofing jobs, including the Greyhound Apartments job. Thus, even if the record would support the inference relied upon by M. VanHolt for summary judgment with respect to the partnership proof element in question, it would also support the contrary inference favored by the appellant. And, because the summary judgment record would support competing inferences, with respect to that proof ele-ment, we find that there is genuine dispute of material fact with respect thereto such that summary judgment on that basis was error.

Because the record does not support the fact that M. VanHolt properly negated one or more of the essential proof elements of the appellant's claim against him in Count III of her amended petition, pled on a partnership theory, it was error for the trial court to grant summary judgment on that basis, requiring us to reverse sum-mary judgment for M. VanHolt. And, be-cause there is no longer a full summary judgment for M. VanHolt on which to base a final judgment, in that he, as a defending party/movant, has to defeat the appellant's claim on all theories pled to be entitled to full summary judgment, we must remand for further proceedings. *Id.* at 561–62.

## Conclusion

The circuit court's summary judgment for Akers on Count IV of the appellant's amended wrongful death petition and for M. VanHolt on Count III of the petition are reversed and the causes remanded for further proceedings consistent with this opinion.

LOWENSTEIN and ULRICH, JJ., concur.