

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| DR. SHEREEN KADER, | ) | No. ED112158 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Theresa C. Burke |
| HARRIS STOWE STATE UNIVERSITY, | ) | |
| AND BOARD OF REGENTS OF HARRIS | ) | |
| STOWE STATE COLLEGE, | ) | |
| | ) | |
| Respondents. | ) | Filed: December 24, 2024 |

## Introduction

Dr. Shereen Kader ("Dr. Kader") appeals the judgment entered in favor of the Board of Regents of Harris-Stowe State College and Harris-Stowe State University (collectively, "Harris-Stowe") following a jury verdict on Dr. Kader's claims of discrimination and retaliation under the Missouri Human Rights Act ("MHRA"). Dr. Kader raises two points on appeal. In Point I, Dr. Kader contends the trial court erred in admitting an email from one of Harris-Stowe's employees to Dr. Kader into evidence because its content included "highly prejudicial" hearsay. In Point II, Dr. Kader asserts the trial court erred in allowing Harris-Stowe's witness to testify about his emotional response to Dr. Kader's lawsuit because his response was not logically or legally relevant. This Court denies both points on appeal because Dr. Kader failed to develop an argument demonstrating reversible error.

Accordingly, the trial court's judgment is affirmed.

## Factual and Procedural Background

Dr. Kader brought suit against her employer, Harris-Stowe, under the MHRA, alleging retaliation and discrimination based on race and national origin. The matter proceeded to trial. At the first trial, the jury returned a verdict in favor of Harris-Stowe on Dr. Kader's race discrimination claim, but in Dr. Kader's favor on her retaliation and national origin discrimination claims. Dr. Kader was awarded $750,000 in actual damages and $1.75 million in punitive damages. Harris-Stowe appealed to this Court, arguing the jury instructions were erroneous and prejudicial. This Court agreed and reversed the trial court's judgment, holding the trial court committed prejudicial instructional error. *Kader v. Bd. of Regents of Harris-Stowe State Univ.*, No. ED 104289, --- S.W.3d. ---, 2018 WL 326519, at *5 (Mo. App. E.D. Jan. 9, 2018). The Supreme Court of Missouri granted transfer of the case and held jury instructions 8 and 9 were erroneous and prejudicial. *Kader v. Bd. of Regents of Harris-Stowe State Univ.*, 565 S.W.3d 182, 190 (Mo. banc 2019). The judgment was reversed and the case was remanded for a new trial on Dr. Kader's national origin discrimination and retaliation claims. *Id.* A second trial was held in July and August of 2023, and the jury found in favor of Harris-Stowe on both of Dr. Kader's claims.

This appeal follows.

## Applicable Principles of Review

"A trial court enjoys considerable discretion in the admission or exclusion of evidence, and, absent clear abuse of discretion, its action will not be grounds for reversal." *Dash v. Taylor*, 668 S.W.3d 580, 588 (Mo. App. E.D. 2023) (quoting *Cox v. Kan. City Chiefs Football Club*, 473 S.W.3d 107, 114 (Mo. banc 2015)). But, regardless of the standard of review, "[a] trial court's judgment is presumed correct, and an appellant bears the burden of proving his or her claims of

error." *Gibson v. Rice*, 571 S.W.3d 232, 236 (Mo. App. S.D. 2019). "An argument is not properly before an appellate court if it merely makes bald assertions of general principles of law and never develops how such principles mandate reversal in the factual context of the particular case." *Firestone v. VanHolt*, 186 S.W.3d 319, 324 (Mo. App. W.D. 2005) (quoting *Eagle ex rel. Est. of Eagle v. Redmond*, 80 S.W.3d 920, 924 (Mo. App. W.D. 2002)). It is not within the province of an appellate court to decide an argument that is merely asserted but not developed. *Id.*

## Discussion

### Points I and II

For ease of analysis, we discuss Dr. Kader's points on appeal together. In Point I, Dr. Kader contends the trial court erred in admitting an email from one of Harris-Stowe's employees to Dr. Kader because the email contained "highly prejudicial" hearsay. In Point II, Dr. Kader asserts the trial court erred in allowing Harris-Stowe's witness to testify about his emotional response to Dr. Kader's lawsuit because his response was not logically or legally relevant. This Court holds Dr. Kader failed to meet her burden on appeal of demonstrating reversible error.

Dr. Kader's argument section for Point I is comprised of the applicable standard of review, a short summary of the principles of law relating to hearsay, and a three-sentence argument without citation to case law or the record. In summary, Dr. Kader asserts the email sent to Dr. Kader by Harris-Stowe's employee "is an out of court statement purporting to restate a party admission by [Dr. Kader's attorney] in his capacity as an agent of [Dr. Kader]" and "[i]t is not necessary to delve into the agency/principal relationship between [Dr. Kader and her attorney] because there is no hearsay exception for the … email." These conclusory assertions not only fail to advise this Court of how the principles of law and the facts of the case interact, but also fail to demonstrate why

3

Dr. Kader is entitled to reversal because of the admission of the email. *See Reliable Roofing, LLC v. Jones*, 302 S.W.3d 232, 235 (Mo. App. S.D. 2009); *Firestone*, 186 S.W.3d at 324.

Similarly, in Point II, Dr. Kader again takes a minimalistic approach by simply stating the relevant case law and presenting her argument in four sentences without any citation to the record or authority. Specifically, Dr. Kader asserts Harris-Stowe's witness' "feelings of devastation may have unduly prejudiced the jury against [Dr. Kader]." Again, this conclusory statement fails to develop an argument as to how the admission of the witness' testimony prejudiced Dr. Kader, which is required to reverse the trial court's judgment. "A submission of error, being without reasoned argument does not require, or even allow, a decision." *Firestone*, 186 S.W.3d at 324.

Dr. Kader leaves it to this Court to construct an argument on her behalf as to why these propositions should justify reversal in this case. This we cannot do. *See Young v. Mo. Dep't of Soc. Servs.*, 647 S.W.3d 73, 78 (Mo. App. E.D. 2022); *Lisek v. Taber*, 674 S.W.3d 525, 527 (Mo. App. S.D. 2023) ("In every appeal, the appellant has the burden to demonstrate reversible error … and 'we have no duty to search the transcript or record to discover the facts which [might] substantiate a point on appeal.'" (citations omitted)). Accordingly, because Dr. Kader did not adequately develop an argument demonstrating reversible error, both points must fail.

Points I and II are denied.

### Conclusion

The judgment of the trial court is affirmed.

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
Robert M. Clayton III, J. concur.

4