FIRST NATIONAL BANK OF INDE-
PENDENCE, Plaintiff-Appellant,

v.

MID–CENTURY INSURANCE
COMPANY,
Defendant-Respondent.

No. KCD 28251.

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Danny L. Curtis, Niewald, Risjord & Wal-
deck, Kansas City, for plaintiff-appellant.

Sylvester Powell, Jr., Heilbron & Powell,
Kansas City, for defendant-respondent.

Before SHANGLER, P. J., and WEL-
BORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action by mortgagee to recover on policy
of insurance against loss by theft issued to
owner of mortgaged vehicle. Judgment ap-
pealed from was in favor of insurer.

Mid-Century Insurance Company issued
its policy of insurance to Willis Corley for
comprehensive coverage on a 1968 Chevelle
automobile. Corley had given the First Na-
tional Bank of Independence a mortgage on
the vehicle to secure a loan and the bank
was named as a mortgagee in the policy
declarations, by which the interest of the
mortgagee was "continuous until can-
celled." A renewal premium was due on
the policy August 17, 1968. The premium
was not paid and the insurer notified Corley
of the cancellation of the policy. The con-
tested issue in this case is whether or not
notice of cancellation was received by the
bank.

The insured vehicle was stolen October
19, 1968. On October 31, 1968, Corley ad-
vised the bank of the theft and the fact
that the vehicle had been recovered,
"stripped." He told the person with whom
he dealt at the bank that his insurance had
been cancelled before the loss and he sought
a loan for another auto which was denied.

The bank checked with the insurer and was advised that, by the latter's records, the bank had been notified on September 4 of cancellation of Corley's policy, effective September 24. No record of the receipt of such notice was found in the bank's file.

In view of the information that Corley's insurance had been cancelled, the bank filed a "Precautionary Claim" covering the loss on its "single interest" coverage by Federal Insurance Company. The bank demanded payment of its note from Corley and on nonpayment sued him, recovering judgment on January 29, 1969 for the amount due of approximately $2,800. Corley was adjudicated bankrupt in February, 1969. On February 11, 1969, the bank gave written notice of loss to Mid-Century and requested forms for proof of loss. Mid-Century denied the claim.

On September 27, 1972, the bank sued Mid-Century in the Jackson County Magistrate Court which entered default judgment in favor of plaintiff. Defendant appealed to the Jackson County Circuit Court. On trial to the court, jury having been waived, the court gave a verdict for defendant insurer. The bank appealed.

On this appeal, the respondent insurer acknowledges that it had the burden to establish its defense that the coverage extended the bank had been cancelled prior to the date of the loss. *Farrar v. Mayabb,* 326 S.W.2d 337, 341[407] (Mo.App.1959).

By the terms of the policy, the cancellation or lapse of the policy was not effective as to the interest of the lienholder unless the insurer notified the lienholder at least ten days before the cancellation became effective. Because of a change in 1969 of the record keeping system of the insurer to a computer system, the only item in the insurer's file with respect to the policy was the original application for insurance executed by Corley in 1967. The bank produced its copy of the "Lienholder's Certificate of Insurance," issued by respondent for Corley's policy.

The policy service manager for the Farmers Insurance Group (which included respondent) testified that, according to the usual business practice of the insurer, a notice would have gone to Corley on about August 2, 1968, notifying him that a premium of $104.26 should be paid by August 17 to avoid cancellation of the policy. According to the witness, some 15 to 20 days following the stated cancellation date, "the computer" scans its records and if the premium has not been paid, a notice is prepared by the computer notifying the insured that his policy has been cancelled as of the specified date. At the same time the computer prepares a similar notice to the agent. A "Notice of Cancellation to Mortgagee or Other Interest" is attached to the form of notice to the insured. If interest of a mortgagee is involved, the computer completes the form, notifying the mortgagee of cancellation of the policy as to its interest on a date specified in the notice, usually 20 days following preparation of the notice. According to the witness, the forms are printed simultaneously in the computer operation. The computer is situated in Los Angeles and the forms which it prepares are mailed from Los Angeles to the insured, etc., at the address shown on the policy.

As above noted, Corley received his notice that the policy was out of force as did the agent who sold the policy.

Appellant contends that the trial court erred in admitting over its objection, the testimony as to the receipt of the notice of cancellation by Corley and the agent because such evidence was without probative value on the issue of whether the appellant received notice of cancellation of its interest. It also contends that evidence of the custom and practice of respondent in the handling of cancellation notices was improperly admitted "because a party's own custom is not proper for determining whether his conduct in a particular case was appropriate." In support of the latter proposition, appellant relies upon *Barkley v. Mitchell,* 411 S.W.2d 817, 825 (Mo.App. 1967), which holds that the defendant's custom, as distinguished from general custom, is not a proper basis for a standard of care. Here, a standard of care is not the question. The question is whether or not the evidence

of its custom and practice had probative value in support of respondent's contention that it did send notice of cancellation to appellant.

That, in turn, depends upon what evidence may be relied upon for proof of mailing in order to give rise to the presumption of receipt by an addressee. Appellant does not address itself to that question, but, relying upon its contention that the evidence it objected to was inadmissible, asserts that the only evidence before the court on the issue was its evidence that it did not receive the notice which "was some evidence that it was not mailed." *Ireland v. Manufacturers & Merchants Indemnity Co.,* 298 S.W.2d 529, 533[1–4] (Mo.App.1957).

■ The rule with respect to proof of mailing which gives rise to a presumption of delivery is frequently said to require proof that the letter was placed in an envelope properly addressed to the addressee, with adequate postage and deposited in the mail. *Hood v. M.F.A. Mutual Insurance Company,* 379 S.W.2d 806, 809[1, 2] (Mo. App.1964); 29 Am.Jur.2d Evidence § 194, p. 247 (1967). However, it has been recognized that, in large offices which handle a volume of mail, direct proof with respect to a particular letter is impractical. The courts have held that proof of "settled custom and usage of [the sender's] office, regularly and systematically followed in the transaction of its business" may, in such cases, suffice. *Armour & Co. v. American Automobile Ins. Co.,* 336 Mo. 551, 80 S.W.2d 685, 689 (1935). Under that holding, evidence of the custom and business practice of respondent was proper.

■ Likewise the evidence that Corley and the agent received their notices was some evidence that the practice was followed with respect to Corley's policy. See *Lieb v. Webster,* 30 Wash.2d 43, 190 P.2d 701, 703[1] (1948). Such evidence was for consideration of the trier of fact in that regard.

The court also had before it an undated memorandum from appellant's files, introduced in evidence by appellant, relating to the Corley policy and the nonpayment of the premium, which included this statement: "Their records indicate they notified us 9/4 effective 9/24/68." This is some evidence that a record had existed showing that notice of cancellation had been given.

■ The court sitting without a jury did have evidence before it which it was entitled to weigh as against appellant's denial that it had received the notice. *Price v. Ford Motor Credit Company,* 530 S.W.2d 249, 253[5, 6] (Mo.App.1975). The burden of appellant here was to convince this court that the evidence was unsubstantial or that the trial court's finding was against the weight of the evidence (*Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976)) and appellant has not carried that burden.

Judgment affirmed.

All concur.