739 F.2d 348
 FIRST MISSOURI BANK & TRUST COMPANY OF CREVE COEUR, Appellee,
v.
BAYLY, MARTIN & FAY AVIATION INSURANCE SERVICES, INC., John
Doe, Compagnie D'Assurances Maritimes Aerienne Et
Terrestries (C.A.M.A.T.), La Foncierre, Assurances Generales
De France, Groupe Des Assurances Nationales, Compagnie
Francaise D'Assurances Europenennes, Assurances Du Groupe De
Paris, Appellants.
 No. 84-1177.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 7, 1984.
Decided July 18, 1984.
 
 Armstrong, Teasdale, Kramer & Vaughan, Frank N. Gundlach, St. Louis, Mo., Engstrom, Lipscomb & Lack, Paul W. Engstrom, Donna P. Arlow, Los Angeles, Cal., for appellants.
 Mann, Poger & Wittner, P.C., David A. Sosne, Clayton, Mo., for appellee.
 Before ROSS, McMILLIAN and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bayly, Martin & Fay Aviation Insurance Services, Inc. (Bayly, Martin), and the four other insurance underwriters appeal from a final judgment entered in the District Court[1] for the Eastern District of Missouri awarding the proceeds of an aircraft liability insurance policy to the First Missouri Bank and Trust Co. of Creve Coeur (Bank). For reversal the insurers allege that the district court erred in (1) holding that the effective date of cancellation of an insurance policy with respect to a lienholder/loss payee should be measured from the date of receipt of the notice of cancellation and not the date the insurer mailed the notice and (2) failing to reduce the award by the amount of salvage value received by the Bank for the aircraft. For the reasons discussed below, we affirm.
 
 
 2
 The facts underlying this case are fully set forth in the district court's opinion reported at 579 F.Supp. 633 and need not be repeated at length here. On September 26, 1981, a storm destroyed an airplane covered by a liability insurance policy issued by Bayly, Martin and underwritten by four French insurance companies. The Bank held a lien against the aircraft and was designated as the loss payee on the insurance policy. The insurers refused to pay the insurance proceeds to the Bank in response to the Bank's timely demand on the grounds that the policy was cancelled on September 25, 1981, the day preceding the casualty. The insurers had mailed a notice of cancellation to the Bank on August 25, 1981, informing it that cancellation would be effective thirty days thereafter on September 25, 1981. The insurers cancelled the policy for nonpayment of premiums. The district court found that the Bank could not have received the notice of cancellation until August 28, 1981. The Bank instituted a diversity action to recover the insurance proceeds. The case was tried on stipulated facts, and the parties agreed that the law of Missouri applied. The district court granted the Bank full recovery of the $35,000 in proceeds from the policy, and this appeal followed.
 
 
 3
 The applicable term of the insurance policy governing cancellation as to the lienholder Bank provided:
 
 
 4
 The Underwriters reserve the right to cancel this policy at any time as provided by its terms but in such case notification shall be given [the Bank] when not less than (30) days thereafter such cancellation shall be effective as to the interest of said Lienholder therein and the Underwriters shall have the right, on like notice, to cancel this endorsement.
 
 
 5
 Breach of Warranty Endorsement p 4, D.R. 142 (emphasis added). The insurers argued that the thirty-day period commenced on the date of mailing, thus cancelling the policy on September 25. The Bank, however, maintained that receipt of the notice of cancellation triggered the running of the thirty day period, rendering the policy in full force and effect on the date of the insured's casualty.
 
 
 6
 Although no Missouri cases have addressed this issue, the district court adopted the reasoning in Calvert Fire Insurance Co. v. American National Bank & Trust Co., 222 Tenn. 515, 438 S.W.2d 545 (1969), to hold that the effective date of cancellation was thirty days after the Bank received notice of cancellation. Therefore, the Bank was entitled to the insurance proceeds. We agree with the district court's well-reasoned opinion. The Missouri cases cited by the insurers[2] are irrelevant to the issue of when the notice of cancellation becomes effective; those cases merely address the question whether mailing a notice of cancellation to an insured pursuant to the terms of a policy of insurance constitutes effective notice when the insured does not actually receive the notice. In addition, the policy provision in the present case required "notification," not simply the mailing of a notice of cancellation to the lienholder/loss payee.
 
 
 7
 The insurers further claim on appeal that the district court erred in failing to offset the salvage value of the aircraft against the amount due under the policy of insurance. At the time the airplane was damaged, the owner of the airplane owed the Bank $40,267.40, which he had borrowed to purchase the airplane. The Bank's lien on the aircraft was insured to the extent of $35,000. The Bank sold the remains of the damaged airplane at salvage for $5,500, leaving a principal balance of $34,767.40. With interest accruing on the unpaid principal, the outstanding indebtedness exceeded $35,000. According to the insurers, the salvage price of $5,500 should be offset against the $35,000 policy limit, resulting in a total liability to the insurers of $29,500. The district court rejected this argument because the policy expressly provided that "[i]f the Aircraft is mortgaged or encumbered any loss covered hereunder is payable as interest may appear to the Assured and [the Bank]." Because the Bank's interest exceeded the policy limits even after deducting the salvage value, the district court held that the Bank was entitled to the full $35,000. We agree.
 
 
 8
 As a final matter, the insurers request this court to clarify the district court's award because it purportedly allows the Bank to recover $35,000 from Bayly, Martin as well as from the four other insurance underwriters in the amount of the percentages set forth in the Security Endorsement, for a total recovery of $70,000. The judgment is modified as follows (modifications are underscored):
 
 
 9
 IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff shall have judgment against defendant Bayly, Martin & Fay Aviation Insurance Services, Inc., in the sum of $35,000.00, or against defendant Compagnie D'Assurances Maritimes Aerienne et Terrestries in the sum of $20,125.00, against defendant La Foncierre in the sum of $3,325.00, against defendant Assurances Generales de France in the sum of $3,850.00, against defendant Groupe des Assurances Nationales in the sum of $1,750.00, against defendant Compagnie Francaise d'Assurances Europenennes in the sum of $5,250.00, and against defendant Assurances du Groupe de Paris in the sum of $700.00. In no event shall plaintiff's total recovery exceed $35,000.00.
 
 
 10
 Accordingly, the judgment of the district court, as modified by this opinion, is affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 First Nat'l Bank v. Mid-Century Ins. Co., 559 S.W.2d 50 (Mo.Ct.App.1977); McCoy v. Guarantee Trust Life Ins. Co., 240 S.W.2d 172 (Mo.Ct.App.1951); Dent v. Monarch Life Ins. Co., 231 Mo.App. 283, 98 S.W.2d 123 (1936)