Lonnie GAMBILL, Appellant,

v.

CEDAR FORK MUTUAL AID
SOCIETY, Respondent.

No. 21954.

Missouri Court of Appeals,
Southern District,
Division One.

May 6, 1998.

William E. Hickle, Carnahan, Carnahan &
Hickle, L.L.C., Rolla, for Appellant.

Ronald D. White, Williams, Robinson, Turley, White & Rigler, P.C., Rolla, for Respondent.

CROW, Judge.

Plaintiff, Lonnie Gambill, sued Defendant, Cedar Fork Mutual Aid Society,[1] seeking indemnity under a $40,000 fire insurance policy issued to him by Defendant. Defendant moved for summary judgment. The trial court granted the motion. Plaintiff appeals.

■ Because there was no trial, we extract the facts from (1) the briefs,[2] (2) the pleadings, (3) the documents and deposition testimony referred to by Defendant in its motion for summary judgment, and (4) the documents and deposition testimony referred to by Plaintiff in his response to Defendant's motion.

The policy in dispute was issued March 25, 1993, for a term beginning that date and ending March 25, 1998. It covered, *inter alia*, Plaintiff's dwelling house and sundry items of personal property.

Plaintiff's petition averred the covered property was destroyed by fire on or about July 23, 1995.

Defendant's answer pled that Plaintiff "failed to pay the premium and assessments due upon the ... policy ... and ... therefore, the policy was canceled effective September 25, 1994."

The provisions of the policy pertinent to this appeal are:

"Cancellation of policy.

This policy shall be cancelled in whole or in part at any time at the request of the

1. Defendant's name also appears in the record as Cedar Fork Mutual Aid Society Inc. and Cedar Fork Mutual Aid Society, Inc.

2. Where a statement of fact in one party's brief is conceded to be true in the adversary's brief, we

may consider it as though it appears in the record. *State ex rel. Missouri Highway and Transportation Commission v. Sweeney*, 933 S.W.2d 908, 910[1] (Mo.App. S.D.1996).

insured upon the return of this policy to the Home Office of this Company, and the payment of all assessments or other charge against such policy; or by this Company by giving five day's [sic] notice of such cancellation. If in either case the cash payments shall exceed the amount properly chargable [sic] the excess will be refunded upon the surrender of this policy to this Company at its Home Office.

. . . .

THIS POLICY IS ASSESSABLE. If necessary, you may be assessed an amount constituting the policyholder's share of the expense determined by the company to be necessary to pay accrued liabilities to meet or defray anticipated needs of the Company and/or to add to or restore the guaranty fund. This obligation is further defined in the Company articles and by-laws.

. . . .

AMENDED CONSTITUTION AND BY–LAWS

. . . .

ARTICLE VI.

. . . .

The Board of Directors shall levy on the policy holders such assessment as based on the amount insured and the class of property and hazard covered, may be necessary for losses and expenses and may include reasonable addition to the guarantee fund.

Levy and collection of assessments may be made annually, or mor [sic] eoften [sic] as required. The insured shall be sent a written or printed notice requiring the payment of such assessment.

Notice for all purposes under this policy shall consist of written notice delivered to the insured or other persons to be notified or deposited in the Post Office directed to his address as shown on the records of the company.

. . . ."

Rule 74.04(c)(3), Missouri Rules of Civil Procedure (1997), provides that summary judgment shall be entered if the motion therefor and the response thereto show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

To support its contention in the trial court that the policy was cancelled before the alleged fire, Defendant relied on the deposition testimony of its secretary, June Moss. Her testimony, as we comprehend it, was, in substance: (1) Defendant sends "assessment notices" to its policyholders in August every year; (2) each policyholder's assessment is due no later than the ensuing September 30; (3) payment of the assessment keeps the policy in force from September 1 of the current year until September 1 of the next year; (4) prior to September 1, 1994, Defendant mailed Plaintiff a notice that his assessment was $80; (5) Defendant mailed the notice to the address shown for Plaintiff on Defendant's records; (6) Defendant thereafter received no payment from Plaintiff; (7) Defendant cancelled the policy November 1, 1994.

Deponent Moss was shown Exhibit 4, a printed form denominated "Assessment Notice." She avowed it was identical to the notice Defendant mailed Plaintiff. The portion of Exhibit 4 pertinent to this appeal appears below:

"September 1, 19____
Your assessment on Policy No. _____ is $ _____. If not paid within thirty days from above date, shall, without further notice, render the policy void, until reinstated. No grace period. Send money order or check, or present this card upon payment.

CEDAR FORK MUTUAL
AID SOCIETY INC.

. . . ."

In response to Defendant's contention that the policy was cancelled, Plaintiff denied receiving the alleged assessment notice and pled: "Whether such an assessment was ever mailed is a disputed question of fact." Plaintiff referred the trial court to Plaintiff's deposition where he testified he never saw any assessment notice.

In granting summary judgment for Defendant, the trial court found, *inter alia:*

"On or before September 1, 1994, defendant mailed to plaintiff, at his address as

shown on the records of the company, an assessment notice advising him that his assessment, in the amount of $80.00, was due and if not paid within 30 days, his policy of insurance would be void."

The trial court further found that Defendant received no payment from Plaintiff "for the policy year beginning September, 1994," hence Defendant cancelled the policy on or about October 30, 1994.

Plaintiff presents two assignments of error. The first maintains that the assessment notice Defendant allegedly mailed Plaintiff was not a notice of cancellation.[3] The second avers that even had the alleged notice been a notice of cancellation, there is still a genuine issue of material fact regarding the notice. That issue, says Plaintiff, is whether Defendant mailed the notice to him.

The standard of review in an appeal from a summary judgment is set forth in *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). The appellate court reviews the record in the light most favorable to the party against whom judgment was entered. *Id.* at 376[1]. The appellate court accords the non-movant the benefit of all reasonable inferences from the record. *Id.* at [3]. Appellate review is essentially *de novo*. *Id.* at [4]. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of granting the motion initially. *Id.* at [5]. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's judgment. *Id.* at [6].

■ We first address Plaintiff's second point, mindful that where an insurance policy contains a specific provision for cancellation by either party, it is binding upon the parties and must be strictly complied with in order to terminate the policy. *Dyche v. Bostian*, 229 S.W.2d 25, 28[2] (Mo.App.1950), *aff'd*, 361 Mo. 122, 233 S.W.2d 721 (banc 1950). *Accord: O'Connor v. State Farm Mutual Auto-*

*mobile Insurance Co.*, 831 S.W.2d 748, 751[3] (Mo.App. S.D.1992); *Safeco Insurance Co. of America v. Stone & Sons, Inc.*, 822 S.W.2d 565, 568[2] (Mo.App. E.D.1992). The burden of proving cancellation is on the party asserting it. *O'Connor*, 831 S.W.2d at 751[3]; *Farrar v. Mayabb*, 326 S.W.2d 337, 341[4] (Mo. App.1959).

Here, one of the provisions of Article VI in the Amended Constitution and By-laws of Defendant (a part of the policy quoted earlier in this opinion) provides that notice to the insured for all purposes under the policy shall consist of written notice "deposited in the Post Office directed to his address as shown on the records of the company."

Defendant emphasizes that the policy does not require Defendant to prove Plaintiff *received* the notice. Additionally, Defendant cites § 375.005, RSMo 1994, which reads, in pertinent part:

"Proof of mailing notice of cancellation ... to the named insured at the address shown in the policy, shall be sufficient proof of notice."

Plaintiff does not argue that Defendant is required to prove he received a notice of cancellation. However, Plaintiff correctly insists that Defendant is required to prove it *mailed* a notice of cancellation to him at the address shown on Defendant's records.

■ The only evidence before the trial court that Defendant mailed a notice to Plaintiff was the deposition testimony of Defendant's secretary, Moss. She did not identify the day this was allegedly done, and she produced no copy of the alleged notice, even though Defendant has a "copying machine" and uses it "a lot." Her belief that a notice in the form of Exhibit 4 (set forth earlier in this opinion) was mailed to Plaintiff was based on the appearance of his name in Defendant's "cash book" and a notation that the "amount due" was $80.

As reported earlier, Plaintiff's deposition testimony was that he never saw any such notice. His wife likewise testified in a deposition that she did not recall seeing any such notice. If found credible by a fact finder, such testimony, combined with the inability

---

**3.** Plaintiff asserts there are two reasons that the alleged notice was insufficient to constitute a notice of cancellation. As explained *infra*, it is

unnecessary to address Plaintiff's first point. Consequently, this opinion does not discuss the alleged deficiencies.

of Defendant's secretary, Moss, to produce a copy of such notice or to identify the date it was allegedly mailed, would be sufficient to support an inference that no notice was mailed.

To defeat a motion for summary judgment, a non-movant need show only that there is a genuine issue as to one of the material facts underlying the moving party's right to judgment. *ITT Commercial Finance Corp.*, 854 S.W.2d at 381–82. For purposes of Rule 74.04, a genuine issue exists where the record contains competent materials that demonstrate two plausible, but contradictory, accounts of the essential fact. *Id.* at 382. A genuine issue is a dispute that is real, not merely argumentative, imaginary or frivolous. *Id.*

We hold the evidence relied on by Plaintiff in opposition to Defendant's motion for summary judgment demonstrates the existence of a genuine issue as to a material fact underlying Defendant's right to judgment. That issue is whether Defendant mailed the alleged notice to Plaintiff at the address shown on Defendant's records. Whether our holding would be the same had Defendant produced a copy of the alleged notice and shown it was sent by registered or certified mail is a subject on which we decline to speculate.

■ The existence of the issue identified in the preceding paragraph bars a summary judgment for Defendant. Plaintiff's second point is meritorious and requires reversal of the judgment. Having decided that, we need not consider Plaintiff's first point.[4]

The judgment is reversed; the case is remanded to the trial court for further proceedings.

GARRISON, P.J., and PREWITT, J., concur.

---

4. In addition to the claim of error in Plaintiff's first point described in footnote 3, *supra,* Plaintiff's first point also complains that the trial court wrongly refused to grant summary judgment for Plaintiff. As Defendant correctly points out, denial of a motion for summary judgment is interlocutory and not properly the subject of a claim of error on appeal. *Browning v. Salem Memorial District Hospital*, 808 S.W.2d 943, 948[5] (Mo. App. S.D.1991); *Kelley v. Shelter Mutual Insurance Co.*, 748 S.W.2d 54, 57–58[5] (Mo.App. S.D. 1988).