**Linda Robinson LANDWEHR,
Respondent,**

v.

**Raymond L. LANDWEHR, Appellant.**

**No. WD 61220.**

Missouri Court of Appeals,
Western District.

Feb. 10, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 2004.

Linda Robinson Landwehr, Gardner, KS, pro se.

Raymond L. Landwehr, Kansas City, pro se.

Before EDWIN H. SMITH, P.J., and HOLLIGER and HARDWICK, JJ.

EDWIN H. SMITH, Presiding Judge.

Raymond L. Landwehr appeals from the judgment of the Circuit Court of Jackson County modifying his child support obligation to the respondent, Linda Robinson Landwehr.

The appellant raises eight points on appeal. We dismiss for failure to comply with the briefing requirements of Rule 84.04.[1]

### Facts

On August 8, 1982, the respondent gave birth to a child, Nicholas John Robinson. At the time, it was the parties' belief that the appellant was not the child's natural father.

On October 21, 1982, the parties were married. Their marriage, however, was dissolved on March 15, 1985, in the Circuit Court of Jackson County. The dissolution decree found that "there were no children born of the marriage of the parties."

On December 11, 1997, Nicholas filed, by and through his next friend, the respondent, a petition for declaration of paternity in the Circuit Court of Jackson County, seeking a declaration that the appellant was his natural father. A joint motion for blood testing was filed on February 9, 1998. Blood testing was ordered, the results of which revealed a 99.64% probability that the appellant was Nicholas Robinson's natural father. The court entered a judgment of paternity on January 13, 2000, declaring the appellant to be Nicholas' natural father and ordering him to pay monthly child support in the amount of indicated.

1. All rule references are to the Missouri Rules of Civil Procedure, 2003, unless otherwise

$235. An arrearage was also found in the amount of $5,545.

On April 6, 2001, the appellant filed a motion to modify child support seeking a termination of or, in the alternative, a reduction. The appellant's motion was taken up and heard on February 13, 2002. On February 18, 2002, the trial court entered judgment modifying the appellant's monthly child support obligation, reducing it from $235 to $150.

This appeal followed.

## I.

■ Before addressing the merits of the appellant's claims of error, we first must address the obvious deficiencies in his handwritten, amended brief.

■ A *pro se* appellant, as the appellant is here, is subject to the same briefing requirements as an appellant represented by counsel. *Boyer v. City of Potosi,* 77 S.W.3d 62, 68 (Mo.App.2002). In that regard, Rule 84.04(d), governing proper points relied on, requires that each point:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: 'The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error].'

Thus, Rule 84.04(d) requires that each point relied on: (1) identify the trial court's ruling or action that the appellant

is challenging; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. *Wilson v. Carnahan,* 25 S.W.3d 664, 666 (Mo.App.2000). The purpose of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues before it. *Lemay v. Hardin,* 108 S.W.3d 705, 708 (Mo.App.2003).

In his amended brief, the appellant presented what he designated as eight "points" for our review. They read as follows:

(1) COURT BIAS

(2) LACK OF DUE PROCESS (FULL & FAIR HEARINGS)

(3) ILLEGAL DISREGARD OF A MISSOURI DECREE

(4) ILLEGAL SEIZURE OF SPOUSE'S BUSINESS INCOME BY COURT

(5) ILLEGAL SEIZURE OF SPOUSE'S INSURANCE MONEY

(6) DISREGARD OF CITIZENS RIGHTS TO LIFE LIBERTY & PURSUIT OF HAPPINESS

(7) FORCING 3 (THREE) INNOCENT SMALL CHILDREN INTO POVERTY, WITH NO REGARD FOR THEIR WELL BEING OR FUTURE LIFE

(8) A STATE AND COURT THAT TOTALLY DISREGARDS A CITIZEN'S RIGHT TO MARRY, RAISE A FAMILY & ENJOY THE BENEFITS A 'STATE' IS SUPPOSED TO ENFORCE & PROTECT[.]

All eight of the appellant's points fail to comply with the requirements of Rule 84.04(d). He neither identifies the trial

**398**

court's ruling or action that is being challenged, nor does he explain why, in the context of the case, the legal reasons alleged in the points relied on support his claims of reversible error. At best, the appellant presents this court with eight abstract statements of law, and, according to Rule 84.04(d)(4), "[a]bstract statements of the law, standing alone, do not comply with this rule."

 It is well settled that a "point relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of the brief, preserves nothing for appellate review." *Lemay,* 108 S.W.3d at 709 (quoting *State v. Dodd,* 10 S.W.3d 546, 556 (Mo.App.1999)). Here, our review of the other portions of the appellant's brief, including the text of his argument, does not aid us in comprehending his claims of error. Thus, if we were to decide this appeal on the merits, not only would we be ignoring the requirements of Rule 84.04(d), we would also be acting as an advocate for the appellant. This we cannot do. *In re Marriage of Spears,* 995 S.W.2d 500, 503 (Mo.App. 1999). Where briefing deficiencies are so substantial that, in order to conduct any review, we "would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same, we have no choice but to decline review." *Lemay,* 108 S.W.3d at 709. Such is the case here.

## Conclusion

The appeal is dismissed for failure to comply with the briefing requirements of Rule 84.04.

HOLLIGER and HARDWICK, JJ., concur.