**Betty CRIDLEBAUGH, Appellant,**

v.

**PUTNAM COUNTY STATE BANK OF MILAN and, Richard Clark, in Official Capacity, Respondents.**

**No. WD 65585.**

Missouri Court of Appeals,
Western District.

May 30, 2006.

John L. Young, Princeton, for Appellant.

Jack N. Peace, Trenton, for Respondent.

RONALD R. HOLLIGER, Judge.

Betty Cridlebaugh ("Cridlebaugh") appeals the trial court's grant of summary judgment in favor of the Putnam County State Bank of Milan ("Bank") and Richard Clark ("Clark") on her claims of unjust enrichment and *prima facie* tort. Because we find that there are genuine issues of material fact, we reverse and remand.

### Factual and Procedural Background

Cridlebaugh and her husband obtained a loan from Bank for the purchase of real estate secured by a deed of trust on multiple parcels of real estate. Cridlebaugh's granddaughter, Liberty Lewis ("Granddaughter"), had also obtained a loan from Bank for the purchase of an automobile. Cridlebaugh was neither a cosigner nor guarantor on her granddaughter's note. However, Bank alleges, and Cridlebaugh denies, that Cridlebaugh orally agreed to pay Granddaughter's loan in the event of default. Granddaughter defaulted on her loan, and Bank repossessed and sold the collateral. The proceeds from the sale were insufficient to discharge the entire debt, and a balance remained on the account.

In February of 2003, Cridlebaugh and her husband sold a parcel of real estate secured by the deed of trust with Bank. Cridlebaugh contacted the vice president of Bank, Clark, and requested the payoff amount for a partial release of the deed of trust. Cridlebaugh alleges, and Bank denies, that Clark told her that she could not obtain a partial release of the deed of trust unless she paid the remaining balance of Granddaughter's loan. Bank executed a partial release of the deed of trust, and the

transaction closed. At some point before or after the transaction was completed, Cridlebaugh paid the remaining balance of Granddaughter's loan.

On May 20, 2004, Cridlebaugh filed a petition for damages against Bank and Clark alleging unjust enrichment and *prima facie* tort. Bank and Clark filed motions to dismiss in response to Cridlebaugh's petition. Accompanying each motion were suggestions in support and an affidavit of Clark. Cridlebaugh filed suggestions in opposition and an affidavit in response. The trial court heard arguments on the motions on March 3, 2005. The trial court treated Bank's and Clark's motions to dismiss as motions for summary judgment pursuant to Rule 55.27(b). On May 16, 2005, the trial court entered its Order and Judgment sustaining Bank's and Clark's motions. This appeal follows.

### Point on Appeal

Cridlebaugh contends trial court erred in granting Bank's and Clark's motion to dismiss, because Bank and Clark are not entitled to judgment as a matter of law, in that there are genuine issues of material fact as to whether her payment of her granddaughter's loan was voluntary and whether she made an oral promise to pay her granddaughter's loan.

### Standard of Review

■ Review of the trial court's ruling on a motion to dismiss is generally limited to the sufficiency of the pleadings on their face. *Wheeler v. Winters*, 134 S.W.3d 774, 777 (Mo.App. W.D.2004). Where, however, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for

summary judgment. *Id.;* Rule 55.27(a).[1] Here, the parties introduced evidence beyond the pleadings and their motions to dismiss were treated as motions for summary judgment. Therefore, this court will review this matter under a summary judgment standard of review.

■ Appellate review of a grant of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Co.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377; Rule 74.04(c)(6). A genuine issue exists where there is evidence of two plausible, but contradictory, accounts of the essential facts. *Id.* at 382. The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376.

### Discussion

### I. Unjust Enrichment

■ Cridlebaugh contends that the trial court erred in granting Bank and Clark's motions for summary judgment on Count I of her petition for unjust enrichment because there is a genuine dispute of material fact as to whether the partial release of the deed of trust was conditioned on the payment of her Granddaughter's loan. Bank and Clark contend that they have a right to judgment as a matter of law because Cridlebaugh's payment was voluntary, demonstrating that the acceptance and retention of Cridlebaugh's payment of her Granddaughter's loan was not made under inequitable circumstances.

Summary judgment is appropriate where the movant can establish that there are no genuine issues of material fact and that the movant is entitled to judgment as matter of law. *Id.* at 377. "[A] 'defending party' may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense." *Id.* at 381. In order to show that the movant is not entitled to judgment as a matter of law, the "non-movant need only show that there is a genuine dispute as to the facts underlying the *movant's* right to judgment." *Id.* at 382. A genuine issue of material fact exists "where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *Id.*

■ Unjust enrichment occurs where a benefit is conferred upon a person in circumstances in which retention by him of that benefit without paying its reasonable value would be unjust. *Childress Painting & Assocs. v. John Q. Hammons Hotels Two, L.P.,* 106 S.W.3d 558, 562 (Mo.App. W.D.2003). The elements of unjust enrichment are: (a) a benefit conferred by one party on another; (b) appreciation by the receiving party of the fact that what was conferred was a benefit; and (c) acceptance and retention of the benefit that would render that retention inequitable. *Id.*

Bank and Clark rely on *American Motorists Insurance Co. v. Shrock,* 447 S.W.2d 809 (Mo.App.1969), in arguing that Cridlebaugh voluntarily paid Granddaugh-

---

**1.** All references are to the Missouri Rules of Civil Procedure (2006).

ter's loan under a mistake of law and is, therefore, barred from recovery. *American Motorists* involves the payment of money under a misconception of a legal duty and stands for the general principle that in the absence of fraud or duress, where money has been voluntarily paid with full knowledge of the facts it cannot be recovered on the ground that the payment was made under a mistake of law. *Id.* at 811; *Hamiltonian Fed. Sav. & Loan Ass'n v. Reliance Ins. Co.*, 527 S.W.2d 440, 444 (Mo.App.1975). However, unlike *American Motorists*, this case does not involve a mistaken payment or a misconception of the law.

Cridlebaugh stated that she paid her Granddaughter's loan without any legal obligation and for no other reason than she believed that if she did not pay her Granddaughter's loan she would not receive the partial release on the deed of trust necessary to sell her real estate. There was no mistake. The only issue in this case is whether the Bank accepted and retained that payment under inequitable circumstances such as fraud or duress. Whether the payment of her Granddaughter's loan was made under fraud or duress necessarily involves the question of whether the partial release of the deed of trust was conditioned on the payment of the Granddaughter's loan about which there is a genuine dispute.[2]

In addition, there is a genuine dispute as to whether Cridlebaugh verbally agreed to "make up the difference" if her Granddaughter failed to pay her loan. Clark, in affidavits attached to his and the Bank's motions to dismiss, states that Cridlebaugh gave her word that if her Granddaughter did not pay the loan, she would make up the difference. In her affidavit, Cridlebaugh stated that she never agreed to pay or make up any difference on her Granddaughter's loan. Cridlebaugh has demonstrated that there are genuine disputes as to the facts underlying the Bank and Clark's right to judgment.[3]

However, Bank and Clark argue that even if what Cridlebaugh contends is true, she would not be entitled to relief because she failed to contest the matter before making payment. A person must resist an unjust demand at the beginning of the matter, and make his defense prior to paying the money, not after. *American Motorists Ins. Co.*, 447 S.W.2d at 812. However, in cases of fraud or duress, this defense would not logically apply. *Id.* A payment made under fraud or duress cannot be voluntary. If on remand the trial court finds that Cridlebaugh's payment was not made under inequitable circumstances, then this defense would apply. Therefore, the trial court's grant of summary judgment on Count I of the petition is reversed.

**2.** In her brief, Cridlebaugh cites to the minutes of the Bank's Discount Committee Meeting produced during discovery to support her contention that the partial release of the deed of trust was conditioned on the payment of her Granddaughter's loan. Although reference was made to the minutes at the hearing on the parties' motions for summary judgment, they were not attached to any of the pleadings or motions before the trial court and were not admitted into evidence. Nor was the discovery filed with the trial court. As documents not presented to the trial court are not included in the record on appeal, we will not consider these documents in making our determination. *Aufenkamp v. Grabill,*

112 S.W.3d 455, 458 n. 3 (Mo.App. W.D. 2003).

**3.** For the first time in the argument section of her reply brief, Cridlebaugh argues that Bank and Clark are not entitled to judgment as a matter of law under the doctrine of the Statute of Frauds. This argument is not raised in a point relied on. "An appellate court need not consider issues raised in the argument portion of a brief that are not raised in the point relied on." *Albersworth v. Albersworth,* 184 S.W.3d 81, 96 (Mo.App. W.D.2006). This argument will not be considered by this court.

## II. Prima Facie Tort

Cridlebaugh also argues that the trial court erred in granting summary judgment in favor of Bank and Clark on her *prima facie* tort claim. Cridlebaugh again claims that there are genuine issues of material fact that preclude the trial court's grant of summary judgment in favor of Bank and Clark. In 1980, the doctrine of *prima facie* tort was adopted in Missouri by this court. *Porter v. Crawford & Co.* 611 S.W.2d 265, 272 (Mo.App. W.D.1980). The elements are: (1) an intentional lawful act by the defendant; (2) intent to cause injury to the plaintiff; (3) injury to the plaintiff; (4) an absence of any justification or an insufficient justification for the defendant's act. *Id.* at 268. The doctrine of *prima facie* tort is a tort of last resort, and it is difficult to find reported cases where a plaintiff actually has recovered on this theory. *Overcast v. Billings Mut. Ins. Co.,* 11 S.W.3d 62, 67 n. 4 (Mo. banc 2000).

Bank and Clark argue that Cridlebaugh failed to plead or produce any evidence to support a finding that there was any actual intent to cause injury to her. "[I]n order for a claim in prima facie tort to lie, plaintiff must offer proof 'of an "actual intention" to injure, not merely an intent to do the act which may result in the claimed injury'." *Thomas v. Special Olympics Mo., Inc.,* 31 S.W.3d 442, 450 (Mo.App. W.D.2000). To prove actual intent, plaintiff must show actual malice. *Id.* Cridlebaugh failed to allege in Count II of her petition that Bank and Clark acted with actual malice in requesting that she pay the balance of her Granddaughter's loan. Cridlebaugh only alleged that Bank and Clark demanded payment in full of her Granddaughter's loan. Whether this was inequitable does not involve a question of malice. Therefore, Bank and Clark were entitled to summary judgment on Count II of Cridlebaugh's petition.

### Conclusion

The trial court erred in granting summary judgment in favor of Bank and Clark on Count I of Cridlebaugh's petition for unjust enrichment because there are genuine issues of material fact as to whether the partial release of the deed of trust was conditioned on the payment of her Granddaughter's loan and whether Cridlebaugh made a verbal promise to pay her Granddaughter's loan. The trial court did not err in granting summary judgment in favor of Bank and Clark on Count II of Cridlebaugh's petition for *prima facie* tort because Cridlebaugh failed to show that Bank and Clark acted with an actual intent to cause injury to her. Therefore, the trial court's grant of summary judgment in favor of Bank and Clark is reversed in part and affirmed in part.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.