**ARCH INSURANCE COMPANY,**
Appellant,

v.

**PROGRESSIVE CASUALTY
INSURANCE COMPANY,**
Respondent.

**No. WD 69805.**

Missouri Court of Appeals,
Western District.

Sept. 22, 2009.

See also, 294 S.W.3d 526, 2009 WL 2997927.

---

James C. Wirken, Esq., Kansas City, Mo, for appellant.

Daniel N. Allmayer, Esq., Kansas City, MO, for respondent.

Before ALOK AHUJA, P.J., THOMAS H. NEWTON, C.J., and HAROLD L. LOWENSTEIN, SR. J.

ALOK AHUJA, Judge.

Arch Insurance Company appeals the circuit court's grant of summary judgment to Progressive Casualty Insurance Company on Arch's breach of contract claim. We dismiss the appeal.

## Factual Background

In 2003, Jermaine Taylor's automobile was damaged. Taylor had financed the purchase of this vehicle through Centrix Financial, which held a lien on Taylor's car.[1]

Taylor obtained automobile insurance from Progressive that covered not only Taylor, but also Centrix as a loss payee.[2] Prior to the accident, Taylor failed to make his required premium payments, and Progressive accordingly sought to cancel the Policy.

The Policy provided that it could be canceled "by mailing at least 10 days notice to the named insured shown in the Declarations at the address shown on this Policy." "Proof of mailing of any notice shall be sufficient proof of notice." Under the Policy, Progressive agreed that it "will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the declarations."

1. At the time of the financing, Centrix was apparently doing business as the Credit Union of Texas.

2. The record indicates that the insurance company which actually issued the relevant policy was named Progressive *County Mutual* Insurance Company. Neither party argues that this discrepancy is relevant to the issues on appeal.

After the car accident occurred, Centrix made demand on Progressive for payment under the Policy. Progressive refused on the basis that the Policy had been canceled. Centrix also had its own "blanket" insurance with Arch. After Progressive refused Centrix's demand, Arch paid Centrix for its loss on Taylor's car.

On December 3, 2003, Arch filed suit against Progressive, asserting (as Centrix's subrogee) that Progressive had failed to timely notify Centrix of the impending cancellation of the Policy, that the Policy accordingly remained in force at the time of Taylor's accident, and that Progressive was therefore liable for the resulting loss.

Arch and Progressive filed cross-motions for summary judgment. Progressive's motion argued that it had provided notice to Centrix of Progressive's intent to cancel the Policy by mailing notice to Centrix on or about September 13, 2002. Progressive supported its motion for summary judgment with an affidavit of an employee of Electronic Data Systems Corporation ("EDS"), a third party which provided administrative services to Progressive, and with business records; Progressive contended that these documents demonstrated that a cancellation notice was in fact mailed to Centrix ten days prior to the Policy's cancellation. In its summary judgment briefing, Arch submitted its own affidavit stating that Centrix never received any cancellation notice from Progressive.

The circuit court granted Progressive's motion. The court found that "Progressive mailed Notice of Intent to Cancel to Jermaine Taylor's lien holder, Credit Union of Texas, at least ten (10) days before the cancellation date." Therefore, the circuit court concluded that Arch "has no cause of action against" Progressive because Arch only had a "cause of action if its insured, the lien holder on the vehicle, was not provided notice of the intent to cancel as set forth in the terms of the policy."

This appeal follows.

## Analysis

We conclude that Arch's opening appellate Brief fails to adequately present any argument that could justify reversal, and that its appeal should accordingly be dismissed.[3]

## I.

"Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo.App. W.D. 2004). "While it is never this court's preference to dismiss an appeal without reaching the merits, enforcing compliance with Rule 84.04 ... guards against the issuance of precedential decisions on issues which were not subject to a full adversarial presentation." *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 605 (Mo.App. W.D.2008).

Rule 84.04(d)(1) requires that each Point Relied On shall "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."

---

**3.** We note that Arch's original opening Brief was struck by this Court's in an October 2, 2008 Order, which gave Arch leave to file an amended brief. A letter accompanying that Order specifically warned that "all appeals are subject to dismissal when there is noncompliance with the rules governing practice in this Court."

Arch's opening Brief asserts two interrelated Points Relied On:

[1] The trial court erred in granting the Respondent Progressive's Motion for Summary Judgment because the Trial Court improperly applied the known and stipulated facts of the case to its ruling, in that the Trial Court refused to consider all known facts and evidence in ruling in favor of the Respondent's Motion for Summary Judgment.

[2] The Trial Court erred in refusing to grant Appellant Arch's Motion for Summary Judgment and instead granting the Respondent Progressive's Motion for Summary Judgment, resulting in the Plaintiff's case being dismissed with prejudice, because the Respondent Progressive, as stated in their own Policy of Insurance, had a clear duty to notify the insured as well as the co-insureds, or loss payee, of any cancellation or termination of the insured's policy.

A strong argument could be made that the deficiencies in Arch's Points Relied On, standing alone, justify dismissal. Neither Point Relied On "identif[ies] or explain[s] the specific legal reasons that support the claim of reversible error," and therefore they arguably "preserve[ ] nothing for appellate review." *White v. White*, 293 S.W.3d 1, 13 (Mo.App. W.D.2009)(citing *Landwehr v. Landwehr*, 129 S.W.3d 395, 398 (Mo.App. W.D.2004)). The dispositive issue here is whether Centrix received proper notice of Progressive's intent to cancel the Policy. However, neither of Arch's Points Relied On challenges the basis on which the circuit court ruled in Progressive's favor on this issue. Point One says virtually nothing of substance when it argues that the circuit court "improperly applied" and "refused to consider" "all known facts and evidence" in ruling in Progressive's favor; and Point Two

merely refers to Progressive's general duty to notify any loss payee of the Policy's cancellation, a duty which does not even appear to be in issue.

From our perspective, however, the more significant defect in Arch's Brief is that its Argument section, which consists of four double-spaced pages addressing both Points, fails to acknowledge the evidence on which the trial court relied in making its adverse ruling. Arch's Argument proceeds on the assumption that "while Respondent Progressive was able to provide proof of mailing to the primary insured, *absolutely no proof of mailing to the loss payee* has ever been provided by Respondent Progressive." (Emphasis added.) Arch repeats this claim multiple times in its short Argument, claiming that Progressive "has *no proof* of any attempt to notify the co-insured of such cancellation," and that *"[i]t is undisputed* that Respondent Progressive only provided notice of cancellation to the insured Borrower ..., and did not provide any notice of any kind of cancellation to the loss payee Bank." (Emphasis added.)

These assertions are simply not accurate. As previously stated, Progressive did in fact submit an affidavit and supporting documents to show that timely notice *had* been provided to the lien-holder. Arch's Brief does not even acknowledge Progressive's summary judgment proof, much less set forth any argument that a genuine issue exists despite Progressive's evidentiary showing (by arguing, for example, that Progressive's evidence was inadequate or insufficient as a matter of law, or that Centrix's claimed non-receipt of Progressive's notice created a fact issue even if Progressive had adequately proven mailing).

 Ignoring the evidence on which the trial court relied is *not* an argument that such reliance constituted reversible

error.[4] "While it may not be stated explicitly in Rule 84.04, the fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling." *Rainey,* 259 S.W.3d at 606. "Unless an appellant challenges the grounds on which an adverse ruling depends, he has shown no entitlement to appellate relief." *Id.*[5]

Because of the patent deficiencies in Arch's Points Relied On and Argument, we dismiss its appeal.

## II.

The dissent suggests that Progressive's summary-judgment evidence was insufficient to establish that Progressive provided Centrix with notice of its intent to cancel Taylor's policy. As we have explained above, however, Arch failed to present these arguments in compliance with Rule 84.04; indeed, its opening Brief did not even acknowledge the *existence* of Progressive's summary judgment proof. If the resolution of this issue were free from doubt, it is conceivable that the defects in Arch's briefing could be ignored, consistent with our long-stated preference for resolving appeals on their merits. This is not such a case, however.

---

4. Indeed, the lack of *any* reference to the evidence the trial court found dispositive does not discharge an appellant's obligation to candidly inform this Court of the basis for an adverse ruling.

5. While Arch's *reply* brief makes some argument as to the purported inadequacy of Progressive's summary-judgment evidence, and the existence of a genuine factual issue despite Progressive's showing, these arguments came too late. "A reply brief is to be used only to reply to arguments raised by respondents, not to raise new arguments on appeal." *Kells v. Mo. Mountain Props., Inc.,* 247 S.W.3d 79, 84 n. 7 (Mo.App. S.D.2008). "[W]e do not review an assignment of error made for the first time in the reply brief." *66,*

First, the EDS affidavit on which Progressive relied would appear to be sufficient to establish mailing of notice of cancellation to the lienholder, since it states that the lienholder notice *in this case* was "mailed by first class mail ... on or about September 13, 2002," and attached and authenticated business records which support the assertion that a particular notice, to this particular lienholder, was in fact mailed on either September 13 or 14, 2002. Even if that affidavit merely established Progressive/EDS's policy and practice to mail notices of cancellation to lienholders simultaneously with mailing such notices to its insureds, it might nevertheless be sufficient. In *Shelter Mutual Insurance Co. v. Flint,* 837 S.W.2d 524 (Mo.App. W.D.1992), this Court explained that

> [w]hen the customary volume of mail is large, so that direct proof that a particular letter was mailed is not feasible, "evidence of the settled custom and usage of the sender in the regular and systematic transaction of its business is sufficient" to give rise to the presumption of receipt by the addressee.

*Id.* at 528 (citation omitted); *see also, e.g., Universal Reins. Corp. v. Greenleaf,* 824 S.W.2d 80, 83 (Mo.App. E.D.1992); *First Nat'l Bank of Independence v. Mid-Cen-*

---

*Inc. v. Crestwood Commons Redevelopment Corp.,* 130 S.W.3d 573, 584–85 (Mo.App. E.D. 2003).

In the *fact statement* of its opening Brief, Arch quotes policy language that "[p]roof of mailing of any notice shall be sufficient proof of notice," and asserts that "Respondent Progressive has not provided any proof of mailing, via a U.S. Postal Service Certificate of Mailing, of notice to the loss payee." But Arch does not in its Argument develop its (apparent) claim that Progressive was required to establish notice to the loss payee by "U.S. Postal Service Certificate of Mailing," or provide any authority that would support such an argument.

*tury Ins. Co.*, 559 S.W.2d 50, 52 (Mo.App. 1977).

▪ In its Reply Brief, Arch argues for the first time that, under Texas law, a genuine issue of material fact was created by the affidavit it submitted from a Centrix employee, indicating that Centrix never received Progressive's notice of cancellation. (Inevitably, this attempt to raise a brand-new argument on reply triggered Progressive's motion to strike and/or for leave to file a sur-reply, a motion we today deny as moot). As explained *supra* note 5, however, Arch cannot raise new arguments in its Reply Brief. Arch's belated argument may not justify reversal anyway. Arch may be correct that, under Texas law, such dueling affidavits (one attesting mailing, the other non-receipt) create a fact issue concerning whether a document was actually mailed, which cannot be resolved by summary judgment.[6] But Arch made no choice-of-law argument to justify the application of Texas law, either here or below, and thus waived the issue.[7] To the extent Missouri law applies, the resolution of Arch's belated claim appears unclear. While there are cases which could be read to adopt the apparent Texas approach,[8] there are also Missouri cases which appear to hold to the contrary: despite denial of receipt, no fact issue is created where the sender submits proof that notice was in fact mailed.[9] The issue may be complicated by the policy provision stating that "[p]roof of mailing of any notice shall be sufficient proof of notice." Once again, this improperly-preserved argument is not sufficiently clear that we should hazard to address it despite the deficiencies in the way it was raised.

## Conclusion

Minor procedural deficiencies should not prevent or dissuade this Court from addressing the merits of the issues a party has sought to raise here. But where a party has completely failed to raise an issue—particularly an issue which is not free from doubt—we should generally refuse to raise and decide that issue on our own. We have previously warned that deciding issues which have not been properly briefed "increase[s] the likelihood of reaching the wrong decision and generating questionable precedent." *Waller v. Shippey*, 251 S.W.3d 403, 407 (Mo.App.

6. See *Sudduth v. Commw. County Mut. Ins. Co.*, 454 S.W.2d 196, 198 (Tex.1970); *Jones v. Ray*, 59 S.W.3d 739, 745–46 (Tex.App.-Corpus Christi 2001).

7. See, e.g., *Premium Fin. Specialists, Inc. v. Hullin*, 90 S.W.3d 110, 113 n. 2 (Mo.App. W.D.2002)(citing *State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 129 (Mo. banc 2000)). Our ability to meaningfully analyze this choice of law issue would be further complicated because Arch chose to include only portions of the applicable Policy in the record on appeal, and we therefore could not know whether the Policy contained a choice of law provision, much less assess the effect of any such provision.

8. See *Clear v. Mo. Coordinating Bd. for Higher Educ.*, 23 S.W.3d 896, 900 (Mo.App. E.D. 2000); *Gambill v. Cedar Fork Mut. Aid Soc'y*, 967 S.W.2d 310, 312–13 (Mo.App. S.D.1998).

9. *Shelter Mut. Ins. Co. v. Flint*, 837 S.W.2d 524, 528 (Mo.App. W.D.1992) ("The response of the Flints, simply, that they did not receive the policy, to this evidence of mailing by Shelter on summary judgment did not dispel the presumption of receipt that attends that proof."); *M.L.P. Invs., L.L.C. v. Quanta Specialty Lines Ins. Co.*, No. 4:07CV1458–DJS, 2008 WL 4940999, at *9 (E.D.Mo. Nov.17, 2008) (question of mailing of insurance cancellation notice; "Although plaintiffs assert they never received such a notice, the relevant inquiry focuses on the mailing, not the receipt, of the notice. Because Quanta has submitted sufficient evidence of the April 29, 2005, mailing, there is no genuine issue of material fact concerning the May 10, 2005, cancellation date." (footnote omitted)).

W.D.2008). This case well illustrates these dangers.

The appeal is dismissed. Progressive's motion to strike Arch's reply brief, or in the alternative for leave to file a sur-reply brief, is denied as moot.

NEWTON, C.J., concurs.

LOWENSTEIN, SR. J., dissents in separate opinion.

HAROLD L. LOWENSTEIN, Senior Judge, Dissenting.

This suit for breach of contract deals with the grant of summary judgment in favor of the defendant, Progressive. This court reviews the record in a light most favorable to the party against whom judgment was entered and that party is accorded all reasonable inferences that may be drawn from the record. *Cridlebaugh v. Putnam County State Bank of Milan,* 192 S.W.3d 540, 543 (Mo.App.2006). This court reviews the grant of summary judgment *de novo.* In dismissing this appeal, the majority ignores this standard in favor of technical compliance to Rule 84.04.

If the facts here are enough to satisfy *summary* judgment, then there will be no need in the future to litigate any such dispute as to whether an affected party had notice. All that will be required for the defendant to prevail is an affidavit such as that provided by Progressive, thereby eliminating the decision as to whether or not notice of a material event was sent and/or received.

Progressive, in its motion for partial summary judgment, argued that the phrase "same advance notice" only refers to the substance of the notice and not the proof of notice provisions that apply to the policyholder. The trial court agreed with this interpretation and found that the Centrix received the same substantial notice as the policyholder. The trial court's interpretation of the contract provision only

relieved Progressive of the obligation to show proof of mailing to prove mailing. The fact of notice was left unresolved. The grant of summary judgment was improper as Progressive failed to demonstrate that no genuine issue of fact existed.

Arch, however imperfectly, raised the grant of summary judgment as error in its points relied on, sufficient, evidently, for the majority to determine the nature of the claim and then refute each issue within the claim. This court's review of summary judgment is two-fold: the movant must establish that he is entitled to judgment as a matter of law *and* that no genuine issue of material fact exists. *Cridlebaugh,* 192 S.W.3d at 543. "A genuine issue exists where there is evidence of two plausible, but contradictory, accounts of the essential facts." *Id.* Here, a genuine issue of material fact still exists because Arch contends that no notice was received and Progressive contends that the evidence was sufficient to establish notice.

Simply put, a material fact is in dispute. Summary judgment should not have been granted. The suit should be remanded for a trial on the merits.