W.D.2008). This case well illustrates these dangers.

The appeal is dismissed. Progressive's motion to strike Arch's reply brief, or in the alternative for leave to file a sur-reply brief, is denied as moot.

NEWTON, C.J., concurs.

LOWENSTEIN, SR. J., dissents in separate opinion.

HAROLD L. LOWENSTEIN, Senior Judge, Dissenting.

This suit for breach of contract deals with the grant of summary judgment in favor of the defendant, Progressive. This court reviews the record in a light most favorable to the party against whom judgment was entered and that party is accorded all reasonable inferences that may be drawn from the record. *Cridlebaugh v. Putnam County State Bank of Milan,* 192 S.W.3d 540, 543 (Mo.App.2006). This court reviews the grant of summary judgment *de novo.* In dismissing this appeal, the majority ignores this standard in favor of technical compliance to Rule 84.04.

If the facts here are enough to satisfy *summary* judgment, then there will be no need in the future to litigate any such dispute as to whether an affected party had notice. All that will be required for the defendant to prevail is an affidavit such as that provided by Progressive, thereby eliminating the decision as to whether or not notice of a material event was sent and/or received.

Progressive, in its motion for partial summary judgment, argued that the phrase "same advance notice" only refers to the substance of the notice and not the proof of notice provisions that apply to the policyholder. The trial court agreed with this interpretation and found that the Centrix received the same substantial notice as the policyholder. The trial court's interpretation of the contract provision only relieved Progressive of the obligation to show proof of mailing to prove mailing. The fact of notice was left unresolved. The grant of summary judgment was improper as Progressive failed to demonstrate that no genuine issue of fact existed.

Arch, however imperfectly, raised the grant of summary judgment as error in its points relied on, sufficient, evidently, for the majority to determine the nature of the claim and then refute each issue within the claim. This court's review of summary judgment is two-fold: the movant must establish that he is entitled to judgment as a matter of law *and* that no genuine issue of material fact exists. *Cridlebaugh,* 192 S.W.3d at 543. "A genuine issue exists where there is evidence of two plausible, but contradictory, accounts of the essential facts." *Id.* Here, a genuine issue of material fact still exists because Arch contends that no notice was received and Progressive contends that the evidence was sufficient to establish notice.

Simply put, a material fact is in dispute. Summary judgment should not have been granted. The suit should be remanded for a trial on the merits.

**ARCH INSURANCE COMPANY,**
Appellant,

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY,**
Respondent.

**No. WD 69806.**

Missouri Court of Appeals,
Western District.

Sept. 22, 2009.

James C. Wirken, Esq., Kansas City, MO, for appellant.

Daniel N. Allmayer, Esq., Kansas City, for respondent.

Before ALOK AHUJA, P.J., THOMAS H. NEWTON, C.J., and HAROLD L. LOWENSTEIN, SR., J.

ALOK AHUJA, Judge.

Although it involves a different underlying vehicle owner/borrower, this appeal involves the same issues, and the same parties, as *Arch Ins. Co. v. Progressive Cas. Ins. Co.*, 294 S.W.3d 520 (Mo.App.2009), also decided today. Arch's opening Brief suffers from the same defects described in that decision. For the reasons stated in our opinion in No. WD69805, the appeal is dismissed. Progressive's motion to strike Arch's reply brief, or in the alternative for leave to file a sur-reply brief, is denied as moot.

NEWTON, C.J., concurs.

LOWENSTEIN, SR. J., dissents in separate opinion.

HAROLD L. LOWENSTEIN, Senior Judge, dissenting.

This suit for breach of contract deals with the grant of summary judgment in favor of the defendant, Progressive. This court reviews the record in a light most favorable to the party against whom judgment was entered and that party is accorded all reasonable inferences that may be drawn from the record. *Cridlebaugh v. Putnam County State Bank of Milan,* 192 S.W.3d 540, 543 (Mo.App.2006). This court reviews the grant of summary judgment *de novo.* In dismissing this appeal, the majority ignores this standard in favor of technical compliance to Rule 84.04.

If the facts here are enough to satisfy *summary* judgment, then there will be no need in the future to litigate any such dispute as to whether an affected party had notice. All that will be required for the defendant to prevail is an affidavit such as that provided by Progressive, thereby eliminating the decision as to whether or not notice of a material event was sent and/or received.

Progressive, in its motion for partial summary judgment, argued that the phrase "same advance notice" only refers to the substance of the notice and not the proof of notice provisions that apply to the policyholder. The trial court agreed with this interpretation and found that the Centrix received the same substantial notice as the policyholder. The trial court's interpretation of the contract provision only relieved Progressive of the obligation to show proof of mailing to prove mailing. The fact of notice was left unresolved. The grant of summary judgment was improper as Progressive failed to demonstrate that no genuine issue of fact existed.

Arch, however imperfectly, raised the grant of summary judgment as error in its points relied on, sufficient, evidently, for the majority to determine the nature of the claim and then refute each issue within the claim. This court's review of summary judgment is two-fold: the movant must establish that he is entitled to judgment as a matter of law *and* that no genuine issue of material fact exists. *Cridlebaugh,* 192 S.W.3d at 543. "A genuine issue exists where there is evidence of two plausible, but contradictory, accounts of the essential facts." *Id.* Here, a genuine issue of material fact still exists because Arch contends that no notice was received and Progressive contends that the evidence was sufficient to establish notice.

Simply put, a material fact is in dispute. Summary judgment should not have been

granted. The suit should be remanded for
a trial on the merits.