

# Missouri Court of Appeals

## Southern District

### Division One

TANEYCOMO LAKEFRONT RESORT and RV PARK, LLC,

        Appellant,

  vs.

EMPIRE DISTRICT ELECTRIC COMPANY,

        Respondent.

No. SD36385

FILED: August 17, 2020

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jennifer R. Growcock, Judge

## REVERSED AND REMANDED

*(Before Rahmeyer, P.J., Scott, J., and Francis, J.)*

PER CURIAM.  This boundary-dispute appeal is controlled by our recent decision, ***Predovic, et al. v. The Empire District Electric Company, et al.***, Nos. SD36404 & SD36405 consolidated (Mo.App. June 15, 2020), which involved the same respondent ("Empire"); adjacent property; and similar facts, claims, and issues.

## Background

Before and incident to building Lake Taneycomo in 1913, Empire's predecessor acquired deed rights up to an elevation of 715 feet above sea level from landowners along the planned lake's perimeter.  For decades after the lake was created and as shoreline property was subdivided and developed, this "715 line" was widely believed to closely track the lakeshore consistent with county

assessment maps and property taxes billed to and paid by lakeside landowners, including the Predovics and Appellant ("Resort").

In 2014, an Empire-commissioned survey placed the 715 line much higher up the bank, prompting Taney County to reassess taxes after 2015 and warn some 35 landowners, including Resort and the Predovics, "to look at getting a lease from Empire to use the property that was thought to be yours" because the 715 line was "much different than had been accepted for years causing this issue."

Resort and the Predovics each sued Empire under various theories to, in effect, re-establish the "old" 715 line as its property boundary.[1] In each case, on cross-motions for summary judgment, the trial court granted judgment for Empire.

Resort and the Predovics each appealed to this court, with the Predovics' case submitted for decision first. Finding summary judgment improper on the Predovics' RSMo § 516.070 claim, we reversed and remanded without reaching any other point. *Predovic*, slip op. at 6.[2]

### This Appeal

Resort raises a similar § 516.070 complaint, as to which Empire commendably admits "that no distinction exists between this case and the reasoning in the *Predovic* opinion" and "this case is not distinguishable from the reasoning in the *Predovic* opinion." To quote Empire further:

> This case and *Predovic* raised identical claims of adverse possession based on the alleged nonpayment of property taxes for thirty years under § 516.070, RSMo. The same Empire tax parcel

---

[1] A third action, filed by the Ethridges, was consolidated with the Predovics' case for both trial and appeal, but we refer to the Predovics alone for simplicity.

[2] A § 516.070 claimant must show the titleholder did not possess the land or pay taxes on it for 31 years, and for at least the last year the claimant had lawful possession. *Predovic*, slip op. at 2-3. The *Predovic* trial court erred in finding it was beyond genuine dispute that Empire paid taxes adequate to defeat the Predovics' § 516.070 claim, *id.*, slip op. at 2-3 & n. 3-4, and in overlooking case law contrary to its interpretation of the statute. *Id.*, slip op. at 5.

This meant "Empire did not defeat [the Predovics'] ownership claims on all theories pleaded, so summary judgment was improper." *Id.*, slip op. at 6, citing *Ascoli v. Hinck*, 256 S.W.3d 592, 597 (Mo.App. 2008), and *Guffey v. Integrated Health Servs.*, 1 S.W.3d 509, 517 (Mo.App. 1999)(if petition alleges alternate theories of recovery on same claim, summary judgment improper unless entitlement proved on each theory pleaded).

2

is at issue in both cases, and the history of assessment and payment of taxes is the same. The arguments by Empire against this claim are the same in both cases, and the arguments in support of this claim by Appellants are the same. The reasoning and findings by the trial court were virtually identical in both cases. [Record references omitted.]

We appreciate Empire's candor and share its assessment. An extended opinion would serve no value. We grant Resort's first point, reverse Empire's summary judgment, and remand for further proceedings consistent with our **Predovic** opinion.[3]

---

[3] Resort urges us to go further and grant summary judgment in its favor. But "denial of a motion for summary judgment is not an appealable order because it is not final," **Keystone Mut. Ins. Co. v. Kuntz**, 507 S.W.3d 162, 166 (Mo.App. 2016), and Resort fails to bring itself within any recognized exception.

3